■ JOHN J. LYONS, Appellant, v CATES CONSULTING ANALYSTS, INC., Respondent. — Order of the Supreme Court, New York County (Maresca, J.), entered November 13, 1981, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, the motion granted and defendant's counterclaim severed, all without costs. In the exercise of discretion execution on the judgment to be entered by plaintiff is stayed pending determination of the counterclaim. Plaintiff and David Cates were the sole shareholders in Cates, Lyons & Co., Inc. Each owned 50% of the stock. A stockholders' agreement provided that if either left the corporation, his shares would be purchased either by the remaining shareholder or the corporation. Lyons left the corporation. His shares were purchased by the corporation which paid for them by delivery and acceptance of a promissory note. Under the terms of the note, the principal amount of which was $141,711, payments were to be made in 14 quarterly installments of $10,122.41, with interest at the rate of 16% on the unpaid balance. The first installment fell due on June 30, 1981. Cates, Lyons (now known as Cates Consulting Analysts, Inc.), failed to make payment of that installment. Consequently, plaintiff brought on this motion for summary judgment in lieu of complaint. Special Term denied the motion holding that the note, on its face, refers to the shareholders' agreement and expressly states that it is subject to the terms thereof. It concluded, therefore, that plaintiff's claim was not "based upon an instrument for the payment of money only" and, hence did not fall within the ambit of CPLR 3213. We disagree. The promissory note, the document on which plaintiff's claim if founded, is self-standing. It establishes plaintiff's right to payment. Although that right could be defeated by a showing that plaintiff had not complied with some condition of the agreement, no such defense is here urged. It follows therefrom that plaintiff is entitled to summary judgment on the first installment due on the note. Defendant asserts, by way of defense and counterclaim, that it has withheld the first payment (it asserts that it has made all subsequent payments) because plaintiff has illegally diverted fees payable to Cates, Lyons in the aggregate amount of some $20,000 and that this sum should be considered a setoff or a prepayment of the first installment. On the record before us we cannot tell whether defendant is entitled to all or some part of this sum nor, indeed, is it our function to do so. We permit this claim by defendant to stand as a counterclaim to be determined in due course. It cannot serve, however, to defeat plaintiff's claim on the note. As a matter of discretion we stay execution of the judgment to be entered herein by plaintiff pending disposition of that counterclaim despite the fact that defendant's claim arises out of a related transaction rather than the same one. We do so that defendant may be

accorded full protection for any amount which, ultimately, may be found to be due to it. Concur — Ross, J. P., Markewich, Silverman, Bloom and Asch, JJ.