■ J. GERBER & Co., INC., Appellant, v LONG ISLAND PIPE FABRICATION & SUPPLY CORP., Respondent. — Order, Supreme Court, New York County (Price, J.), entered January 14, 1982, which denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously reversed, on the law, with costs, and the plaintiff's motion for summary judgment is granted. On January 19, 1981, plaintiff J. Gerber & Co., Inc. (Gerber), delivered pipe to the defendant Long Island Pipe Fabrication & Supply Corp. (Long Island Pipe) pursuant to two separate sales contracts which were evidenced by Gerber's Invoices Nos. 62341 and 62371. The shipment was part of a number of sales and deliveries of pipe by Gerber to Long Island Pipe during the course of a three-year business relationship. Payment was due on March 15, 1981. On the failure of the defendant to pay the two invoices when due, and at defendant's request, plaintiff agreed to a stretch-out of defendant's debt which took the form of two trade acceptances, one due on July 23, 1981 and the other on August 23, 1981. Defendant paid the trade acceptance due July 23, 1981 but did not pay the sum owing on the trade acceptance payable August 23, 1981. On October 21, 1981 plaintiff instituted this action to recover the money owing on the August 23 trade acceptance by a motion for summary

judgment in lieu of complaint pursuant to CPLR 3213, which authorizes that procedure where an action is based upon an instrument for the payment of money only. Special Term denied the motion concluding: (1) that the trade acceptance was not an instrument for the payment of money only because of the legend appearing thereon that the obligation of the acceptor "arises out of the purchase of goods from the drawer", and (2) that factual issues were presented by defendant's claims that the goods were defective and plaintiff had breached implied warranties of merchantability. We disagree, and accordingly reverse the order denying plaintiff's motion for summary judgment and grant summary judgment to the plaintiff. Preliminarily, it is clear that a trade acceptance is an instrument for the payment of money only. (See 41 NY Jur, Negotiable Instruments, § 15.) This status is in no way impaired by the circumstance that the acceptance here referred to the obligation of the acceptor arising out of the purchase of goods. (See *Lyons v Cates Consulting Analysts*, 88 AD2d 526; *Hogan & Co. v Saturn Mgt.*, 78 AD2d 837; cf. *Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137.) Nor do we find in the conclusory allegations in defendant's answering affidavits anything that supports the existence of factual issues precluding plaintiff's right to recover on the trade acceptance. Indeed, defendant's answering papers make it clear that the first objection of any kind conceivably relevant to this litigation was registered in a mailgram sent on August 18, 1981, some five days prior to the due date of the August 23, 1981 trade acceptance, and some seven months after the shipment giving rise to this lawsuit, notwithstanding the explicit provision in the controlling sales contract that objections or claims must be made within 20 days after the material was available to the buyer. Moreover, that mailgram referred in general terms to supposed defects in "the last shipment * * * which appears to be out of the A-120 specifications." The record is clear that the last shipment occurred some months after the January 19 delivery which gave rise to the trade acceptance. We are satisfied that nothing approaching a triable issue appears in the defendant's belated, nonspecific and studiously vague allegations. Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Kassal, JJ.