■ NATIONAL BANK OF NORTH AMERICA, Appellant, v ANTHONY ALIZIO et al., Respondents, et al., Defendants. — Order of the Supreme Court, New York County (Ira Gammerman, J.), entered on August 2, 1983, which, *inter alia,* denied plaintiff's cross motion for partial summary judgment, is reversed, on the law, to the extent appealed from, and plaintiff's cross motion for summary judgment on the second and fifth causes of action granted, with costs and disbursements. ¶ Defendants-respondents Anthony Alizio, Joseph Alizio, Irving Eisenberg and Leonard Eisenberg and defendants Peter Perpignano, Joseph Macagnone and Peter Robert Perpignano were general partners of New Haven Plaza Associates, a limited partnership. In 1978, plaintiff-appellant National Bank of North America agreed to finance the partnership's construction of a project in Far Rockaway, New York through a loan to be guaranteed by the Federal Housing Administration. The financing arrangement provided for the loan proceeds to be disbursed periodically and for the purchase of the

note by the Government National Mortgage Association (GNMA) upon the final advance of the proceeds of the loan. The mortgage note was purchased by GNMA in December of 1981 at a discount of 2½% of its face value, and the interest rate was thus reduced from 9½% to 7% per annum. The general partners also agreed to pay the discount upon GNMA's purchase of the mortgage note, in addition to the bank's other fees and expenses, as embodied in a letter agreement dated October 25, 1978 and a promissory note, dated December 6, 1978, in the principal amount of $307,248. ¶ The final advance of funds under the mortgage note and the purchase of the note by GNMA took place in November and December of 1981. At the November closing, the bank, in accordance with the 1978 letter agreement and the note, issued a check payable to itself, which caused the note to become due. The bank further drew under a letter of credit, which it had issued in favor of itself as beneficiary in order to satisfy a working capital requirement of GNMA. Defendants-respondents having refused to pay the amounts sought by the bank, plaintiff now moves for summary judgment in connection with the second and fifth causes of action. ¶ The second cause of action demands payment of the principal and interest on the note. The purpose of the loan proceeds, as evidenced by the note, was to cover the cost of the financing charge or discount of GNMA's purchase of the construction loan from the bank. By its terms, the note was payable on the "disbursement date", defined in the 1978 letter of agreement as the date on which GNMA purchased the mortgage note. Although defendants herein contend that the bank's payment to itself at the November closing extinguished their obligation, there is no assertion that defendants ever paid the note themselves. In that regard, the defendants' allegation that the bank's disbursements of funds constituted payment of the loan is simply too frivolous to warrant serious consideration or to raise a triable issue of fact. The law is well settled that a party opposing a motion for summary judgment must produce evidentiary proof substantiating its claim; mere conclusions, expressions of hope, or broad conclusory assertions are insufficient. (*Zuckerman v City of New York,* 49 NY2d 557; *Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Fried v Bower & Gardner,* 46 NY2d 765.) As the court declared in *Lyons v Cates Consulting Analysts* (88 AD2d 526), the "promissory note, the document on which plaintiff's claim is founded, is self-standing. It establishes plaintiff's right to payment. Although that right could be defeated by a showing that plaintiff had not complied with some condition of the agreement, no such defense is here urged." ¶ The fifth cause of action seeks reimbursement for amounts paid under the letter of credit, as well as reimbursement for certain fees paid by the bank with respect to extending the expiration of the letter of credit. Defendants herein executed the application for the letter of credit and agreed to reimburse the bank for all amounts disbursed thereunder. Pursuant to the terms of the letter of credit and application, the bank disbursed $245,798 to itself in order to pay certain of the partnership's obligations. The defendants' sole defense to this cause of action is that the bank did not comply with the terms of the 1978 agreement by failing to issue drafts to itself but rather drew upon the letter of credit by an advice of payment. However, there is no contention that the bank failed to disburse the proceeds of the letter of credit or that the defendants ever reimbursed the bank. Defendants, moreover, do not claim that they were in any way prejudiced by the bank's payment of the letter of credit without issuing sight drafts. It is clear that once payment has been made pursuant to a letter of credit, the party obtaining that letter of credit becomes liable to the issuing bank for the amount paid. (*French Amer. Banking Corp. v Isbrandtsen Co.,* 282 App Div 1024, affd 307 NY 616.) In the absence of proof that defendants were harmed by the bank's action, they cannot avoid payment of their obligation merely because the bank may not

have complied with all of the technical niceties. ¶ Consequently, Special Term should have granted plaintiff's motion for summary judgment on the second and fifth causes of action. Concur — Sandler, J. P., Ross, Carro, Fein and Milonas, JJ.