Aron Steuer, J.
Defendant moves for various kinds of relief in connection with the third cause of action. The parties, bofh banks, had entered into an agreement in regard to certain letters of credit in which agreement defendant had contracted to indemnify and hold plaintiff harmless in regard to legal fees *573 as well as other expenses. The particular terms, as far as necessary, are set out below. The third cause of action is based on this provision of the contract and seeks recovery for three items, namely, legal expenses for an action in New York for services rendered but apparently not yet fixed as to amount; legal expenses for an action now pending in Washington in which counsel have been retained but the services have not yet been rendered; the legal fees and expenses of this action. All of these are stated to be of a value 1 ‘ of not less than $3,000 ’ \
As to the first item, there can be little objection except that no fixed amount is stated for this claim. The phrasing is probably designed to provide for a recovery of not less than $3,000 but any amount in excess as may be established. It is true that damages may be stated generally and that the absence of an exact estimate is not a defect. But the defendant must be apprised of the amount that is sought.
As to the second item, it should be noted that recovery is sought in the first cause of action for the expenses and fees already incurred in the Washington action. In seeking to maintain this portion of the cause of action plaintiff fails to distinguish between damages which are difficult to prove and those not accrued. The only time that damages for what will accrue can be awarded is in the event of an anticipatory breach. In a contract of indemnity this is impossible as there can be no breach before demand and no demand until plaintiff is actually put to the expense.
The last item deals with the expenses of this suit to recover fees and expenses in connection with the letter of credit. Plaintiff recognizes the general rule that each party to a litigation must bear its own expenses but rests on the exception that these are collectible when so provided by contract. The contract here provides that defendant will ‘ ‘ indemnify and save harmless ” plaintiff “ against all loss or damage to it arising in connection with said credits * * * and all claims, demands or suits, whether groundless or otherwise and all liabilities, payments, costs, charges and expenses incurred by ’ ’ plaintiff ‘ ‘ in respect thereof, it being the purpose of this agreement to fully protect plaintiff in the premises (In the foregoing quotation the word plaintiff is substituted for plaintiff’s corporate name.) It is clear that the intent of this clause is to save plaintiff from expense in suits brought against it, including the expense of defending. Quite obviously it was not defendant’s intention to indemnify plaintiff for a “ groundless ” suit that plaintiff itself instituted. A general agreement for the payment of counsel fees does not generally include *574 counsel fees in the suit to collect those fees (Doyle v. Allstate Ins. Co., 1 N Y 2d 439). Of course, it is possible to contract for such an allowance but, as it is an agreement contrary to what is usual, specific language would be needed to show such an agreement.
Motion to dismiss third cause of action granted with leave to plaintiff to plead over in accordance with this opinion.