■ FRANKLIN NATIONAL BANK, Appellant, v. WALL STREET COMMERCIAL CORPORATION et al., Respondents.— In an action upon a promissory note in the face amount of $90,000, containing a provision which requires the debtor to pay all costs and expenses of any action to enforce the note, plus an attorney's fees of 20% of the principal sum, the plaintiff bank appeals: (1) from so much of an order of the Supreme Court, Nassau County, dated December 18, 1963, as denied its motion for summary judgment on its cause of action for attorney's fees in the sum of $18,000 and, instead, ordered a severance thereof and directed that the issue as to the reasonableness of said fees be determined upon a hearing; and (2) from so much of the judgment entered December 26, 1963 upon said order in its favor, as failed to include as part of its recovery the amount of said attorney's fees. Order and judgment, insofar as appealed from, affirmed, without costs. In denying the motion, the Special Term held that while 20% of the unpaid balance of a note may be considered reasonable in a particular case (citing *General Lbr. Corp.* v. *Landa,* 13 A D 2d 804, where the principal sum was approximately $2,000 and the attorney's fee $400), in the instant case a factual issue is presented as to the reasonableness of the stipulated charge (see 40 Misc 2d 1003). We affirm upon that ground. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.