OPINION OF THE COURT
Lawrence E. Kahn, J.
In this proceeding, the court has conducted a hearing pursuant to the order of the Honorable Ellis J. Staley, Jr., Justice, New York State Supreme Court, dated April 21, 1977 which directed that a judgment be awarded in "an amount to be determined upon an inquest to be held on notice to the said defendant”, said amount to constitute "reasonable attorney fees” due and owing plaintiff for proceedings brought by plaintiff against defendants as to a default on a bond and mortgage. This court may not delve into the merits of the respective positions as to the judgment granted by the prior order, but must now solely determine what constitutes "reasonable attorney fees.”
The plaintiff contends that defendants should be responsible and liable to reimburse plaintiff for attorneys’ fees paid to its attorneys, Nolan and Heller, P. C., pursuant to an agreement which establishes a fee of 5% for any default judgment entered. In this case, said fee is the sum of $4,058.06. Plaintiff further alleges that said fee is a reasonable attorneys’ fee for the services performed by its law firm. Plaintiff’s attorneys did spend approximately 40 hours in handling this lawsuit and plaintiff contends that the fee sought is reasonable in light of the time and effort expended and the result achieved.
In response, defendants assert that they are not bound by or privy to any fee agreement between plaintiff and its attorneys; that they should only be liable for reasonable fees necessarily incurred in obtaining the judgment for plaintiff against defendants and that said judgment could have been obtained without contest at the very initial conference between plaintiff and defendants held shortly after the service of summons and commencement of the action.
Courts frequently have to determine the reasonableness of attorneys’ fees resulting from a clause in a promissory note which provides for either reasonable attorneys’ fees or for a specific percentage of attorneys’ fees. (See General Lbr. Corp. v Landa, 13 AD2d 804; Franklin Nat. Bank v Wall St. Commercial Corp., 21 AD2d 878.) In determining what constitutes *286 "reasonable fees”, many relevant factors are to be considered such as the time expended, the nature of the services performed, the expertise of the lawyers and the benefits achieved for the client.
However, the case of Matter of Thompson v Chemical Bank (84 Misc 2d 721) cited by defendants is not applicable to the factual situation herein. In Thompson, the court held that a bank, under an agreement such as now presented to the court, may not recover attorneys’ fees. In that case, such fees were collected routinely and were paid directly into the general fund of the bank to defray the overhead for attorneys’ salaries by the banking department. No fees were actually paid for services on an individual case basis. This situation is distinguishable from the case at bar in which we have a specific attorney’s fee being paid by the bank to nonsalaried attorneys.
Both parties hereto have also cited Equitable Lbr. Corp. v IPA Land Dev. Corp. (38 NY2d 516) as supportive of their respective positions. Said case is inapplicable to the case at bar. While Equitable Lbr. (supra) does set forth specific guidelines for determining the reasonableness of attorneys’ fees, it does so directly in accordance with article 2 of the Uniform Commercial Code. That case involved a commercial sales contract and the court specifically distinguished that case from a case such as this proceeding which is not governed by the Uniform Commercial Code. Plaintiff does cite numerous cases where courts have directed an inquest to determine the reasonableness of attorneys’ fees. In the vast majority of such cases the percentage fee agreed between the parties ranged from 15 to 30%. And fees amounting to 20% or more of the amount recovered have been held to be reasonable. (See General Lbr. Corp. v Landa, 13 AD2d 804, supra.) Here, we have uncontradicted testimony that the percentage fee between plaintiff and their attorneys, not the defendant, was 5%. Five percent may well be a most reasonable amount and it may be lower than the customary percentage fee charged by most attorneys for this type of work. The defendants, however, are only bound by the terms of the promissory note which specifically provided for reasonable attorneys’ fees. The reasonableness of said fee is a determination which must be made by this court based upon the merits of this case. It is not necessarily nor even presumptively the percentage fee agreed upon between the plaintiff and its counsel.
Section 108 (subd 4, par [c], cl [iii]) of the Banking Law *287 allows a bank to be reimbursed for the "actual expenditures, including reasonable attorney’s fees for necessary court process.” The term "reasonable” attorney’s fees thusly has two separate and distinct criteria. Many courts have addressed the first issue, i.e., the amount which must be determined to be reasonable. But equally relevant is the second criterion, i.e., "fees for necessary court process” (emphasis provided) as set forth in section 108 of the Banking Law. Before determining whether a fee is reasonable, the court must initially inquire as to whether it was necessary for the bank and its counsel to institute and thereafter pursue court process. This inquiry must be made in each individual case and will often depend on the particulars of that case. On the facts presented herein this extensive litigation could have been avoided. The uncontroverted facts adduced at the inquest clearly show that at the initial conference, defendants readily acknowledged and agreed that a judgment be entered against them and further agreed to pay said judgment by a second mortgage. Plaintiffs attorney candidly acknowledges that the lawsuit was settled at the initial conference after the summons was served, except for the fact that defendants and plaintiff could not agree as to the attorneys’ fees to be paid by defendants to plaintiff. Plaintiffs attorney noted that if there was agreement as to attorney fees, judgment could have been entered and it would have been unnecessary to proceed further with the action. This court is now being asked to determine what those fees should be, approximately 20 months following said conference. At said conference, it was the position of plaintiff that defendants should pay the 5% fee as set between plaintiff and its attorneys and it was defendants’ position that they should only be responsible to pay the fees reasonably and necessarily incurred to that point, i.e., an amount substantially less than the figure demanded.
As hereinbefore stated, the parties had reached agreement at the initial stage of the proceeding except as to the issue of attorneys’ fees. Continued litigation at that point became unnecessary and self-serving. The "bootstrap” doctrine urged by plaintiffs attorney is that because the parties could not agree on attorneys’ fees, 40 hours were spent in litigation and now such a fee is justified and reasonable. Such a "catch-22” argument is rejected by this court. It was unnecessary to pursue the default money judgment, and the 40 hours are not compensable under section 108 of the Banking Law. The *288 intent of section 108 of the Banking Law is to protect the borrower and it would go against such intent to require the defendants herein to pay for attorneys’ fees unnecessarily incurred. The courts of our State have enough caseload to administer without creating a greater burden merely for the purpose of justifying legal fees. In fact, by making the reasonableness of attorneys’ fees initially rest upon the criterion of necessity, there should result a lessening of litigation and an encouragement for settlement. In this instant fact situation, a defaulting borrower may more readily acknowledge his default knowing that he will be reducing his further liability for attorney fees.
Accordingly, this court determines that the sum of $750 is a reasonable attorneys’ fee for the work, services and time expended on behalf of plaintiff for the commencement of the said action and for the negotiation that followed through the date of the initial conference. At that point, plaintiff successfully achieved the best result it could have obtained without the need for additional legal services.