■ MOHAWK-SCHOHARIE PRODUCTION CREDIT ASSOCIATION OF FULTONVILLE, Appellant, v MALCOLM WILBER et al., Respondents.—Appeal from a judgment of the Supreme Court, entered December 29, 1977 in Schoharie County, upon a decision of the court at a Trial Term, without a jury, which dismissed the complaint and amended complaint on the merits. The trial court found that the plaintiff had "established the existence of a debtor-creditor relationship between defendants and plaintiff" and we affirm that finding. However, it appears that the court erred in concluding that plaintiff's accounting records failed to establish the indebtedness due. A promissory note, which was undisputably executed by the defendants, expressly provides that: "Advances and repayments shall be posted upon an appropriate accounting record of the Association [plaintiff] which record shall evidence the amount owing and unpaid hereon and such accounting record can be admitted into evidence in any dispute arising out of this note for the purpose of establishing the balance due." The defendants offered no evidence to refute the sum of $20,324.18 as shown in plaintiff's Exhibit No. 4 and the promissory note expressly stated: "I, we and each of us * * * jointly and severally, promise to pay * * * all of the debts and obligations * * * now existing or which may hereinafter be incurred for moneys advanced to the undersigned". Upon this appeal, the plaintiff in its "reply" brief limits its demand for indebtedness due to $18,972.08 and we find that the plaintiff is entitled to recover such sum. Further, the promissory note expressly provides for the payment of "reasonable attorney's fees" and while the

record is devoid of specific proof of the work involved and its value, we find that the preparation and filing of the complaint and amended complaint together with the appearances in court would justify at least a fee of $2,500 and the plaintiff is entitled to recover such amount. Finally, the defendant Janice Wilber seeks to limit her liability to the sum of $6,635.97 stated in the promissory note dated July 5, 1974. However, her liability was expressly and unequivocally "jointly and severally" and the note specifically appointed her husband as her "agent for purposes of the within obligation". Accordingly, we find that she is fully liable to the plaintiff. Judgment reversed, on the law and the facts, with costs, and judgment granted in favor of plaintiff in the sum of $21,472.08. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Herlihy, JJ., concur.