■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v ROBERT L. KASSEL, Appellant.—In an action to recover accrued installments on a lease of certain telephone equipment, defendant appeals from an order of the Supreme Court, Kings County, dated August 8, 1978, which (1) granted plaintiff's motion for summary judgment, (2) struck defendant's answer and counterclaim, (3) denied defendant's motion to add necessary parties, and (4) awarded attorney's fees to the plaintiff. On the court's own motion, the notice of appeal is deemed to be a premature notice of appeal from a judgment of the same court, entered upon the order on September 6, 1978 (see CPLR 5520, subd [c]). Appeal from the order dismissed (see *Matter of Aho*, 39 NY2d 241, 249). Judgment modified by deleting therefrom the provision awarding plaintiff attorney's fees "at the rate of 20% of the principal and interest". As so modified, judgment affirmed, with one bill of $50 costs and disbursements to plaintiff, and action remitted to Special Term for a hearing on the issue of the reasonableness of the attorney's fees and for the entry of an appropriate amended judgment in accordance herewith. At the outset, we note that the affidavit of plaintiff's attorney on the motion for summary judgment, which affidavit was based on documentary evidence in his possession, was sufficient (see *Getlan v Hofstra Univ.*, 41 AD2d 830, app dsmd 33 NY2d 646). Plaintiff's cause of action is to recover accrued installments on a lease of certain telephone equipment, leased to the defendant by the assignor of plaintiff's predecessor in interest. The lease agreement contained a clause that in the event the lease was assigned, the lessee (defendant) would not assert as against the assignee any defenses or claims which he might have as against the lessor. As a defense to this action, defendant claims that he was fraudulently induced to enter into the lease arrangement. Plaintiff, as successor in interest to the assignee of the lease, argues that this defense may not be asserted by reason of the aforesaid clause in the agreement. Subdivision (1) of section 9-206 of the Uniform Commercial Code states that an agreement not to assert any claims or defenses against an assignee of a lease of consumer goods is enforceable by the assignee, so long as the assignee took for value, in good

faith, and without notice of any claims or defenses. The only exception is that defenses which may be asserted against a holder in due course of a negotiable instrument may also be asserted against an assignee, regardless of any agreement to the contrary. Defendant claims that his defense of fraud would be assertable against a holder in due course of a negotiable instrument and hence is assertable here. The fallacy of this argument is that only the defense of fraud "in the factum" may be asserted against such a holder in due course (see *First Nat. Bank of Odessa v Fazzari,* 10 NY2d 394, 397), and the nature of the fraud alleged here is fraud in the inducement. Thus, we conclude that the defendant may not assert this defense against the assignee of the lease or its successor in interest, the plaintiff. And, as no other genuine defense was raised, summary judgment was properly granted. The lease agreement also included a unilateral provision for an award of counsel fees in the amount of 20% in the event an attorney's services were required to enforce collection. Special Term granted, without a hearing, plaintiff's request for attorney's fees, in such amount, solely on the basis of this contract clause. This was error. Attorney's fees unilaterally fixed by contract are no less subject to the test of reasonableness than attorney's fees awarded by the court. Therefore, the award of attorney's fees to the plaintiff pursuant to the lease provision must be deleted and the case remanded for a hearing on the issue of reasonableness (see *Tuttle v Juanis,* 54 AD2d 589; see, also, *Federal Deposit Ins. Corp. v Park Lane Realty Assoc.,* 72 AD2d 788). We have considered defendant's other points and have found them to be without merit. Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.