OPINION OF THE COURT
Anne G. Feldman, J.
Plaintiff brings the underlying actions to enforce attorneys’ fees provisions in three contracts: two retail installment contracts for the purchase of automobiles and one retail installment credit card agreement.
The facts in each case are identical. The debtor defendant defaulted on his payments and, in accordance with the acceleration clause in each contract, the entire balance became immediately due. When these amounts remained unpaid, plaintiff’s attorney served summonses and complaints on the debtors and obtained default judgments against them. The clerk of this court has already entered judgments on the liquidated amounts due under the contracts, but plaintiff’s attorney has not yet acted to enforce these judgments.
Nonetheless, plaintiff seeks now to recover attorneys’ fees under the provision in each contract which requires the debtor to pay legal fees, calculated as a percentage of the amount due upon default, on matters referred to attorneys for collection.
Courts have long recognized as lawful a contractual provision for attorneys’ fees calculated as a specific percentage of the unpaid debt. (Franklin Nat. Bank v Wall St. Commercial Corp., 40 Misc 2d 1003, affd 21 AD2d 878.)
Subdivision 7 of section 302 of the Personal Property Law, which governs the retail installment contract for the purchase of an automobile, permits a contract to provide for the payment of attorneys’ fees "not exceeding fifteen percent of the amount due and payable under such contract”.
Similarly, subdivision 5 of section 413 of the Personal Property Law, which governs the retail installment credit card agreement, permits the contract to provide for the imposition of attorneys’ fees, not exceeding 20% of the amount due and payable under the contract.
*905 These statutory percentages are not fixed fees, however, since the public policy of our State "condemns the contractual imposition of a penalty”. (Matter of First Nat. Bank of East Islip v Brower, 42 NY2d 471, 474.) The Personal Property Law merely sets maximum limits on the attorneys’ fees which may be imposed, based upon the reasonable value of the necessary services "actually rendered”. (Matter of Mead v First Trust & Deposit Co., 60 AD2d 71.) The party seeking attorneys’ fees must demonstrate to the court the quality and quantity of the services rendered so that the court, consistent with its traditional and inherent power to regulate the practice of law, including the collection of attorneys’ fees, may determine on a quantum meruit basis the reasonable fees to be awarded. (Matter of First Nat. Bank of East Islip v Brower, supra.)
The relevant factors in determining the value of legal services are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of the counsel and the results achieved. (Jordan v Freeman, 40 AD2d 656.)
The testimony at the inquest revealed that the legal services provided thus far have been minimal and have been identical in each case regardless of the amount of attorneys’ fees sought. This court, however, recognizes that in actions of this type, particularly where default judgments are obtained, the bulk of necessary legal services is expended in collecting the judgment. That process may be, as in most cases, "routine and perfunctory”, or may involve substantial time and skill. (Matter of First Nat. Bank of East Islip v Brower, supra.)
Counsel for plaintiff admits the impossibility at this juncture of fixing precisely the time or services which will be required to enforce the judgments. He urges, therefore, that the court, in determining the attorneys’ fees on a quantum meruit basis, accept his estimate of the services he expects will be reasonably necessary to satisfy the judgment as evidence in the determination of attorneys’ fees.
This court rejects plaintiff’s contention as inconsistent with the doctrine of quantum meruit and will permit an award only for work already actually performed.
At first blush, it would appear that by awarding plaintiff what may only be partial attorneys’ fees in these cases, any further recovery of fees is prohibited because of the rule against splitting causes of action.
*906 The doctrine of splitting as it relates to installment contracts generally requires the joinder of all amounts due at the time of the lawsuit. The purpose of this doctrine is to prevent unreasonable harassment of defendant.*
The court, however, may decline to apply the doctrine of splitting where good reason is shown. (Siegel, New York Practice, pp 264-265.)
Here, the doctrine of quantum meruit requires the court to determine reasonable fees based only upon past, not future, services. If the doctrine against splitting is applied to a subsequent action for fees, plaintiff will be effectively precluded from recovering attorneys’ fees for the bulk of legal services necessary in the actions.
Alternatively, plaintiffs faced with similar problems of proof may elect to postpone completely the judicial assessment of attorneys’ fees due under the contract until the underlying judgments have been collected. At that time counsel will be able to show the court actual legal services rendered both in obtaining and enforcing the judgment.
This court recognizes the double burden this decision may impose upon plaintiff seeking to recover full contractual benefits. However, absent a legislative pronouncement of a scale of reasonable attorneys’ fees, the court believes it has no alternative but to inflict such a burden.
The court, therefore, awards plaintiff $100 in each case as fair and just compensation for the services rendered in obtaining the default judgments. This award is made without prejudice to subsequent actions to recover reasonable compensation for legal services actually performed by counsel in enforcing the judgments.

 In the case at bar, there is no evidence that if another action is commenced, defendants will suffer the harassment the doctrine of splitting is designed to prevent.