OPINION OF THE COURT
William W. Serra, J.
Plaintiff seeks judgment of foreclosure and sale of mortgaged premises. The defendant mortgagors have defaulted in appearance, and no defenses have been raised by the other defendants. The application has been made upon affidavit that no payments of principal or interest have been made, and, therefore, no reference to compute has been required.
The mortgage by its terms provides for reasonable counsel fees if permitted by law to be included in the judgment in addition to the costs of the action. The plaintiff’s attorney has, by affidavit, sought an allowance of counsel fees of $1,575 for what are, obviously, routine services in the foreclosure of a default mortgage.
An analysis of the request for attorney’s fees shows that the request includes both services performed and anticipatory services. As yet, the Legislature has not addressed the *35 subject of attorney’s fees in mortgage foreclosure actions, despite the fact that a small borrower and a bank or other commercial lender can scarcely be deemed equal parties dealing at arm’s length. This is so although the Legislature has found a control necessary in commercial loan transactions. At least one court has held that, even by contract, in the absence of statutory authorizations, the allowance of attorney’s fees in foreclosure actions should not be authorized (Lincoln First Bank v Thayer, 102 Misc 2d 451). It has, however, been repeatedly held, by negative inference in other contract actions, that parties may contract for counsel fees in addition to statutory costs as a form of penalty for breach of payment obligations. (See Weidman v Tomaselli, 81 Misc 2d 328; Brod v Central School Dist. No. 1 of Towns of Sand Lake & Poestenkill, 53 AD2d 1002; Klein v Sharp, 41 AD2d 926.) Fees of attorneys, however, are at all times subject to supervision by the courts (Gair v Peck, 6 NY2d 97). They are most certainly subject to special scrutiny where not between attorney and client but are imposed by contract or otherwise upon third parties as in the commercial law cases (First Nat. Bank of East Islip v Brower, 42 NY2d 471; Matter of Mead v First Trust & Deposit Co., 60 AD2d 71; Long Is. Trust Co. v Jones, 56 AD2d 838).
This court finds that reasonable counsel fees may be established by contract in the absence of statutory restraint, if based upon quantum meruit and supervised by the courts. In such situations, allowances may be made for services rendered in a mortgage foreclosure action and imposed upon the defaulting mortgagor. (See City of Utica v Gold Medal Packing Co., 54 Misc 2d 721, 724, and cases cited therein.)
Such allowances should be limited to services rendered and not based upon estimated hours of future services. Prospective fees, therefore, are denied without prejudice to a further application if deemed appropriate for subsequent services (Marine Midland Bank v Roberts, 102 Misc 2d 903.)
Attorney’s fees will be allowed in accordance with the justifying affidavit in the amount of $825.
*36 One further matter needs to be addressed. Without justification to the court, the plaintiff’s proposed order for judgment has had inserted in the typed portion a discretionary allowance of $300. The same allowance has also, improperly, been inserted in the bill of costs, thereby providing for a discretionary allowance in the amount of $600, which is double the legally permitted allowance and which has not been and will not in this routine foreclosure action be granted by the court. Such sums are disallowed.
As modified by this decision, the proposed judgment order is granted.
(Amended decision, October 15, 1982)
The decision in this matter, dated October 5, 1982, is amended by striking out the entire last two paragraphs of the decision beginning with the words,' “One further matter needs to be addressed”, and continuing through the single sentence last paragraph; reading, “As modified by this decision, the proposed judgment order is granted.” There shall be substituted therefor the following two paragraphs:
“In view of the fact that the foreclosure action appears to be routine and that counsel fees are separately awarded under the terms of the mortgage judgment, there is no justification for an additional discretionary allowance. The discretionary allowance is disallowed.
“Except as so amended, the Decision of October 5, 1982, is reaffirmed in its entirety.”