■ APPLE BANK FOR SAVINGS, Respondent, v CHARLES OFFSET COMPANY, INC., Appellant. (Action No. 1.) APPLE BANK FOR SAVINGS, Respondent, v CHARLES OFFSET COMPANY, INC., Appellant. (Action No. 2.)—In two actions, each to recover balances due under an equipment lease, the defendant appeals from so much of two orders of the Supreme Court, Nassau County (Brucia, J.), both dated December 10, 1987, as granted the plaintiff's respective motions for summary judgment in each of the actions.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The defendant entered into two leases of equipment with the plaintiff's assignor. Each of the agreements stated, *inter alia,* that the lessor made no warranties, that the unfitness of the equipment would not relieve the defendant lessee of the obligation to pay under the lease, and if the lease were assigned by the lessor, the assignee would not assume any of the duties or obligations of the lessor under the lease. The

agreements also contained merger clauses. Before the leases were signed, the defendant had entered into purchase agreements for the equipment with the manufacturer, but the lessor actually purchased the equipment. However, the manufacturer made certain warranties to the defendant. Two days after the leases were signed, the lessor assigned the leases to the plaintiff.

The defendant performed under the agreements for 18 months. It then stopped making payments, claiming the equipment was unsuitable for the particular purpose for which it was leased.

The plaintiff sued and the defendant asserted defenses of breach of express and implied warranties made by the manufacturer in the purchase agreements. Summary judgment was granted to the plaintiff under UCC 9-206 (1).

The defendant has not adequately controverted the plaintiff's allegations that the plaintiff had no knowledge of any defenses to the leases when it took the assignments. By making mere allegations and unsubstantiated assertions, the defendant has failed to raise a triable issue of fact (see, *Zuckerman v City of New York*, 49 NY2d 557, 562). The plaintiff has shown that it took the assignment in good faith, for value, and without notice (see, UCC 3-302 [1]). As such, under UCC 9-206 (1), the defendant is limited to real defenses against the plaintiff as enumerated in UCC 3-305 (2), which defenses have not been raised. Therefore, summary judgment was properly granted to the plaintiff (see, *Federal Deposit Ins. Corp. v Kassel*, 72 AD2d 787). Thompson, J. P., Bracken, Brown and Harwood, JJ., concur.