■ MARINE MIDLAND BANK, N.A., Appellant, v STEPHEN B. SCALLEN, Respondent.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered April 18, 1989,

which denied plaintiff's motion for summary judgment in an action to collect the amount due on two promissory notes, unanimously reversed, on the law, and the motion granted to the extent of awarding plaintiff judgment in the principal amount of $202,666.70 plus interest, late fees and service charges, and remanding for a determination and award to the plaintiff of reasonable attorneys' fees, with costs.

It is undisputed that the defendant executed two mortgage notes evidencing loans obtained by him from Westchester Federal Savings Bank, plaintiff Marine Midland's predecessor in interest. The first of these notes, executed on January 9, 1985, was in connection with a loan in the principal amount of $900,000. Of this sum, $202,666.70 was disbursed by check at the closing, while the remaining $697,333.30 was set aside to be used pursuant to the terms of a revolving credit agreement. The second mortgage note was executed on May 23, 1985. It evidenced a loan of $450,000, all of which was subject to the revolving credit agreement. Subsequent to May 1985, Westchester Federal advanced the defendant an additional $25,490.90. It is not disputed that Westchester Federal loaned the defendant a total of $1,375,490. Pursuant to the notes, the principal was to be repaid, with interest, by February 1, 1987.

During the pendency of the loans, Westchester Federal periodically rendered the defendant two separate statements bearing separate loan account numbers; one covering the amount disbursed at the January 9, 1985 closing, assigned loan account number 7-04-000108150, and the other covering the sums subject to the revolving credit agreement, assigned loan account number 71-400060-1.

In December 1986, defendant requested that Westchester Federal advise him of the amount to be paid in satisfaction of the loans. In response, the bank, by letter dated December 16, 1986, advised defendant's attorney that the amount due was $1,211,677.57. The letter, however, was headed "RE: Stephen Scallen Account #71-400060-1"; it made no reference to the amount due on account number 7-04-000108150. In fact, the principal amount then owing upon account number 7-04-000108150 was, and has always been, $202,666.70.

Soon after plaintiff had paid the amount stated in the December 16, 1986 letter, the bank, having become aware that $202,666.70 plus interest was still due on account number 7-04-000108150, demanded payment of the outstanding amount. The defendant has refused to honor this demand, claiming that his payment of the amount stated in the December 16,

1986 letter constituted an accord and satisfaction, and that the plaintiff should be estopped from asserting its right to repayment since he, the defendant, relied upon the information contained in the December 16 letter in setting terms for the sale of the mortgaged properties. We disagree.

It is undisputed that defendant has borrowed $1,375,490.90 from plaintiff's predecessor in interest and repaid only $1,219,882.24. As should have been evident from its heading, the December 16 letter did not purport to cover the entire amount due. The letter referred exclusively to account number 71-400060-1 and gave no indication that payment of the amount there stated would discharge any obligation other than the one expressly referred to. Thus, the bank's acceptance of the defendant's $1,219,882.24 payment cannot reasonably be viewed as anything more than a satisfaction of the amount owing on account number 71-400060-1, an amount as to which there has never been any genuine dispute. "Essential elements of an accord and satisfaction are dispute as to the amount due and knowing acceptance by the creditor of a lesser amount." *(Consolidated Edison Co. v Jet Asphalt Corp.,* 132 AD2d 296, 303.) Clearly, neither element is present here. It is equally clear that the defendant was not entitled to conclude from the December 16 letter that payment of the amount set forth therein would completely discharge his obligation on the notes. The element of reasonable reliance, necessary to any estoppel-based defense, is, therefore, absent.

As plaintiff has, by establishing the validity of the notes and their nonpayment, made out a prima facie case for the relief it seeks *(see, National Bank v Alizio,* 103 AD2d 690, *affd* 65 NY2d 788; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617; *Horne v Law Research Serv.,* 35 AD2d 931, *affd* 28 NY2d 969), and the defendant's defenses are, without exception, legally untenable, plaintiff is entitled to summary judgment for the outstanding principal and accrued interest on the notes.

We note that plaintiff has additionally requested an award of attorneys' fees pursuant to a provision in the notes requiring the obligor to pay "any attorney's fee of fifteen (15%) percent of all sums sued upon." Although we think that this provision entitles the plaintiff to an award of attorneys' fees, the amount awarded should be reasonable and there is no indication that 15% of the amount sued upon, a very substantial amount, would in fact be reasonable recompense for plaintiff's attorneys in this relatively straightforward matter. We, therefore, remand for a hearing to determine whether the

amount claimed is reasonable and, if found unreasonable, to determine and award such fees as may be reasonable *(see, Federal Deposit Ins. Corp. v Park Lane Realty Assocs.,* 72 AD2d 788, 789).* Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.