**M/A–COM SECURITY CORPORATION, Plaintiff,**

v.

**Francesco GALESI, Defendant.**

**No. 88 Civ. 0317 (RPP).**

United States District Court, S.D. New York.

Dec. 14, 1990.

Summit Rovins & Feldesman, Ira G. Greenberg, New York City, for plaintiff.

Gaston & Snow, Charles M. Mattingly, New York City, for defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff M/A–COM Security Corporation ("M/A–COM") moves for an award of additional legal fees in the amount of $20,000 plus interest, based on a provision in a promissory note for payment of reasonable attorneys' fees if required to enforce its terms. Defendant Francesco Galesi ("Galesi") opposes the motion.

The relevant facts to which the parties have stipulated are as follows:

On October 19, 1989, this Court entered judgment for M/A–COM in the underlying action to enforce the terms of a promissory note, in the amount of $4,173,208.07, which included an award of principal and interest on the note through October 18, 1989, costs and disbursements of the action, and attorneys' fees and expenses up to that date. Galesi appealed. On May 22, 1990, the Court of Appeals affirmed. 904 F.2d 134.

Prior to the appeal, Galesi provided M/A–COM with an irrevocable letter of credit as security for the judgment entered on October 19, 1989. The amount of the letter of credit was calculated to include "the sum of the judgment plus interest for one year plus estimated attorneys' fees in the Court of Appeals of $20,000 plus estimated disbursements." Stipulation of Facts, ¶ 9. Counsel agreed that "when the actual time-based attorneys' fees and disbursements were known," either Galesi would be refunded any surplus if they resulted in an actual total lower than the letter of credit's total or M/A–COM would receive additional funds from Galesi if the letter of credit fell short of the actual total. Stipulation, ¶ 11. The time-based legal charges for the appeal amounted to $22,756.99. The parties agree that Galesi still owes M/A–COM $2,756.99 plus interest. Stipulation at ¶ 12.

To date, M/A–COM has collected $4,413,-997.00 from Galesi, which includes the judgment, interest on the judgment, additional disbursements and expenses, and additional time-based legal fees after the successful defense of the appeal. In addition to attorneys' fees collected as set forth above, counsel for M/A–COM has billed and collected from M/A–COM an additional "premium" of $20,000 as legal fees "for the result obtained relative to the time expended." Stipulation, ¶ 8. The additional premium was not raised with M/A–COM until well after this Court entered its judgment on October 19, 1989.

█ The issue on this motion is whether M/A–COM is entitled to receive the additional $20,000 "premium" and any interest which may be due on that amount as the "reasonable attorneys' fees" payable by Galesi in connection with M/A–COM's enforcing its rights under the promissory note.

What are reasonable attorneys' fees should be judged by the intention of the parties when the promissory note was executed. As in all contracts, absent direct evidence of that intention, evidence based on the performance of the agreement is of the utmost significance. During the relevant time period, the attorneys for the parties reached agreements concerning reasonable attorneys' fees. In this instance, there are only two time periods in which attorneys' fees were earned: the period of litigation up to October 19, 1989, the date on which judgment was entered, and the period of litigation related to the appeal. As to the first time period, plaintiff's counsel submitted a judgment to the Court, agreed to by the defendant's counsel and signed by the Court on October 18, 1989, which awarded the principal and interest thereon to that date, "plus M/A–COM's attorneys' fees and expenses and the costs and disbursements of this action of $43.584.35 ..." Judgment, October 19, 1989. The judgment awarded the plaintiff's requested and agreed upon attorneys' fees in proceedings before this Court. If the additional legal fee is now sought in connection with the time period up to Octo-

ber 19, 1989, plaintiff's motion is essentially one to amend the judgment of the Court and is untimely. Such motions must be made within 10 days after entry of judgment. Fed.R.Civ.P. 52(b).

With respect to the second time period and M/A–COM's attorneys' fees related to the appeal, such an award is also precluded by agreement between the parties. Counsel agreed to estimated attorneys' fees of $20,000 in connection with the appeal, with a possible adjustment up or down based on time charges. Stipulation, ¶ 11. The $20,-000 additional fee is nowhere claimed to be an adjustment based on time charges. In view of these agreements between counsel, as to the attorneys' fees to be paid by Galesi, any further fee is not justifiable. The parties by their actions in carrying out the agreement have determined what was a reasonable attorney's fee for Galesi to pay and the Court will not disturb it.

█ A provision for reasonable attorneys' fees contained in the enforcement provision of a promissory note involves a different context than many of the opinions relied on by plaintiff. Generally, court determinations of reasonable attorneys' fees arise pursuant to statutory provisions for reasonable attorneys' fees and the court applies a "lodestar" approach. Those opinions are not totally relevant to this case because here the issue arises out of a contractual provision. When there is a contractual provision for reasonable attorneys' fees, as the Second Circuit has explained, "contractual provisions for the payment of attorneys's fees [will] be strictly construed, and general language will not be sufficient to warrant an award for a type of expense that is not customarily reimbursed." *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1263 (2nd Cir.1987) (reducing attorneys' fees to time-based charges). In *Krear,* the court noted that a belated oral agreement to pay attorneys at ever increasing rates could be "an impermissible 'manipulat[ion of] the actual damage incurred' ... resulting in an unwarranted burden on defendants to which the parties did not in fact agree." *Id.* at 1267, citing *Equitable Lumber Corp. v. IPA Land Development Corp.,* 38 N.Y.2d 516, 524, 381 N.Y.S.2d 459, 344 N.E.2d 391 (1976).

Plaintiff's counsel contends that M/A–COM has in fact paid the additional $20,000 premium and that the total fees charged by it to M/A–COM are reasonable in light of the results obtained. Plaintiff's counsel does not disclose the terms of its original retainer and thus the Court is unable to determine if a premium payment was anticipated. Nevertheless, the Court would not dispute that the total fees paid by M/A–COM to its counsel are reasonable in light of the results obtained. The fact remains that the agreement by M/A–COM to pay the premium was reached after judgment in the district court and after defendant and plaintiff had agreed upon an estimated $20,000 to be adjusted "when the actual time-based attorneys' fees and disbursements were known" as the amount Galesi would bear. Stipulation, ¶ 11. It is the agreement between Galesi and M/A–COM, or their counsel, that governs the reasonableness of the attorney's fees that Galesi should bear, not the agreement between M/A–COM and its counsel.

Motion denied.

IT IS SO ORDERED.