**BANCA DELLA SVIZZERA ITALIANA, Plaintiff,**

v.

**Brad S. COHEN and Larry J. Cohen, Defendants.**

**No. 90 Civ. 3914 (RWS).**

United States District Court, S.D. New York.

Feb. 13, 1991.

Sidley & Austin (James D. Arden, of counsel) New York City, for plaintiff.

Morrison Cohen Singer & Weinstein (Arthur J. Ciampi, of counsel) New York City, for defendants.

## OPINION

SWEET, District Judge.

Defendants Brad S. Cohen and Larry J. Cohen ("the Cohens") have moved for a hearing to determine the reasonableness of the $37,547.70 in fees and expenses sought by plaintiff Banca Della Svizzera Italiana ("BSI") in its application for attorney's fees in the above action. For the reasons set forth below, the Cohens' motion is denied, and BSI's fee application is granted in part and denied in part.

### The Parties

BSI is a corporation organized under the laws of Switzerland, with its head office located in Lugano, Switzerland, and a branch office located in New York City. The Cohens are citizens of the Commonwealth of Pennsylvania.

### Prior Proceedings

On June 8, 1990, BSI filed its action for monies due under a promissory note (the "Note") payable to BSI and executed jointly by the Cohens on June 12, 1989. On August 31, 1990, BSI filed a motion for default judgment, which was denied by order issued that same day. On September 21, 1990, BSI filed a summary judgment motion, which motion was granted in an order of October 29, 1990.

In response to BSI's papers setting forth attorney's fees and expenses in conjunction with its proposed judgment, the Cohens moved for an order (1) denying BSI's application for attorney's fees; (2) setting a hearing to determine BSI's entitlement to and the reasonableness of attorney's fees; and (3) for such other relief as the court deems proper. On November 19, 1990 oral argument was heard, and the motion was considered fully submitted as of that date.

### The Facts

Pursuant to the terms of the Note, BSI extended to the Cohens a line of credit in the amount of $1.5 million. The Note provided that the Cohens would pay "all losses, costs and expenses (including, without limitation, counsel fees and expenses) in-

curred by the Lender in connection with the enforcement of this note."

After the Cohens failed to make their first interest payment on May 7, 1990, BSI, pursuant to the terms of the Note, offset the Cohens' cash collateral in the amount of $989,381.52 against the amount of the Cohens' indebtedness, reducing the amount of indebtedness to $620,790.32, plus interest, counsel fees and expenses. BSI then prepared and filed the complaint.

The Cohens first responded to the complaint by engaging BSI in settlement negotiations. As part of the negotiations, BSI drafted detailed restructuring agreements to reschedule the interest and principal payments. When negotiations fell through, BSI continued litigation of the dispute, filing the series of motions as recounted above.

BSI is seeking attorney's fees and expenses of $37,547.70, of which $2,202.30 are expenses. This figure is based upon the hourly rates of the several attorneys who worked on the matter multiplied by the number of hours spent working on this matter. BSI seeks attorney's fees for the time its attorneys spent a) negotiating in the expectation of a settlement; (b) preparing and filing the complaint, the default motion, and the summary judgment motion; and (c) responding to the Cohens' motion that is currently in front of the court.

BSI supports the application with an affidavit, a record of the time spent on the matter, a copy of a 40 page Mortgage Security Agreement drafted in anticipation of settlement, and information on the educational and professional background of the attorneys, including degrees received, publications and professional honors. The affidavit states that the hourly rates are the standard rates charged by BSI's lawyers, the firm of Sidley & Austin ("Sidley & Austin") to its other clients.

*Discussion*

Under New York law, attorney's fees are recoverable only when authorized by stat-

ute or contract. *Equitable Lumber Corp. v. IPA Land Development Corp.*, 38 N.Y.2d 516, 519, 381 N.Y.S.2d 459, 461, 344 N.E.2d 391, 393 (1976). It is not disputed that the terms of the Note entitle BSI to receive some amount of attorney's fees; the only question remaining is whether BSI must meet any further requirements under New York law to recover the full amount sought.

1. Reasonableness

New York courts have frequently had to determine the reasonableness of attorney's fees resulting from a clause on a promissory note which provides for either "reasonable attorney's fees" or for such fees to be fixed at a certain percentage of the value of the note. *See Barclays Bank of New York v. Goldman*, 517 F.Supp. 403, 412 n. 15 (S.D.N.Y.1981) (applying New York law) (attorney's fees fixed at 15 per cent of all sums sued upon); *Marine Midland Bank, N.A. v. Scallen*, 554 N.Y.S.2d 541 (1st Dep't 1990) (attorney's fees 15 per cent of all sums sued upon); *Federal Deposit Insurance Corporation v. Kassel*, 72 A.D.2d 787, 421 N.Y.S.2d 609 (2d Dep't 1979) (attorney's fees fixed at 20 per cent); *Franklin Nat'l Bank v. Wall St. Commercial Corp.*, 21 A.D.2d 878, 251 N.Y.S.2d 892 (2d Dep't 1964) (attorney fee of 20 per cent of the value of note factual issue precluding summary judgment); *General Lumber Corp. v. Landa*, 13 A.D.2d 804, 216 N.Y.S.2d 33 (2d Dep't 1961) (attorney fee of 20 per cent of note reasonable); *Nat'l Commercial Bank & Trust Co. v. Farina's Market, Inc.*, 406 N.Y.S.2d 979, 95 Misc.2d 284 (1978) (where collection proceeding straightforward, attorney fee of five per cent of note unreasonable).

As the Note neither qualifies the attorney's fees recoverable as "reasonable" nor fixes fees at a certain percentage of its value, the law is unclear as to the applicable standards.[1] Assuming for the purposes of this motion a reasonableness require-

---

1. In further support of holding BSI's fee application to a reasonableness standard is Banking Law § 108(4)(c)(iii), which provides that banks extending loans may charge, in addition to the applicable interest rate, "the actual expenditures, including reasonable attorney's fees for necessary court process." Banking Law § 108(4)(c)(iii) (McKinney's 1990).

ment, there remains for consideration the Cohens' specific charges as to reasonableness.

### a) *The Necessity of a Hearing*

■ In some of the above cases in which the note fixed attorney's fees at a certain percentage, courts have remanded the proceedings for a hearing on reasonableness. *Barclays Bank,* 517 F.Supp. 403, 412 n. 15; *Marine Midland Bank,* 554 N.Y.S.2d 541; *Federal Deposit Ins. Corp.,* 72 A.D.2d at 787, 421 N.Y.S.2d at 609. Those cases are, however, distinguishable in that the notes at issue fixed attorneys' fees in advance of litigation at a certain percentage of the note's value, and consequently contained no breakdown of the factors which determined the amount of fees claimed. Where BSI's application contains such a breakdown, no further hearing is required.

### b) *Standards of Reasonableness*

■ The New York Court of Appeals has not yet enunciated the standards for determining the reasonableness of attorney's fees resulting from the collection of a promissory note. Lower courts have considered such factors as the time expended, the nature of the services performed, the expertise of the lawyers, and the benefits achieved for the client. *Nat'l Commercial Bank & Trust Co.,* 406 N.Y.S.2d at 980, 95 Misc.2d at 285. On the other hand, New York courts have deemed attorney's fees reasonable when the plaintiff has made no specific proof of the work involved. *Mohawk–Schoharie Production Credit Asso. v. Wilber,* 419 N.Y.S.2d 762, 71 A.D.2d 720 (Third Dep't 1979), *aff'd,* 50 N.Y.2d 983, 431 N.Y.S.2d 529, 409 N.E.2d 1001 (1980) (awarding attorney's fees on note that provides for payment of "reasonable attorney's fees" on the basis of the preparation and filing of the complaint, even though record "devoid of specific proof of the work involved and its value").

In the context of a sales contract, the Court of Appeals has held that, to be acceptable, a fee must be "reasonably related to the normal fee an attorney would charge for the collection of plaintiff's claim." *Eq-*

*uitable Lumber,* 38 N.Y.2d 516, 521, 381 N.Y.S.2d 459, 463, 344 N.E.2d 391, 395 (1976). *See People's Westchester Sav. Bank v. Ganc,* 715 F.Supp. 610 (S.D.N.Y. 1989) (applying *Equitable Lumber* to diversity action in which plaintiff sought pursuant to a promissory note "reasonable attorney fees").

Under the above standards, there is nothing in BSI's application which would disqualify it on the grounds of reasonableness. BSI in its affidavit stated that the attorneys' hourly rates for which it seeks compensation are Sidley & Austin's standard rates. Moreover, BSI's attorneys sufficiently documented their hours by setting forth an account of all the hours billed and a summary description of how those hours were spent, thereby exceeding the standards of *Mohawk–Schoharie,* 419 N.Y.S.2d at 196.

### 2. Contemporaneousness of Records

■ The Cohens also seek to attack BSI's fee application on the grounds that the attorney time records submitted are not contemporaneous, although no facts are submitted to substantiate this charge. They cite *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147 (2d Cir.1983) for the proposition that attorneys must submit contemporaneous records of their time. BSI's attorneys have in their affidavits and in their reply brief stated that the records are contemporaneous. Even assuming the absence of a factual dispute, there remains the threshold question of whether *New York State Ass'n for Retarded Children* applies to the instant case.

In *New York State Ass'n for Retarded Children,* plaintiffs' attorneys sought fees pursuant to 42 U.S.C. § 1988 authorizing the award of reasonable attorney's fees in civil rights cases. The Second Circuit apparently based its decision in *New York State Ass'n for Retarded Children* on a line of cases awarding attorney's fees pursuant to federal statute as well as on considerations such as the purpose of the statute and the ease of judicial administration. As the instant case is based on diversity,

and the award sought is based on contract and not pursuant to federal statute, the requirements set forth in *New York State Ass'n for Retarded Children* are not relevant here. *See F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir.1987) (diversity action for breach of contract in which attorney's fees sought citing, but not following, *New York State Ass'n for Retarded Children*).

### 3. Elements of Compensation

■ BSI seeks compensation for the time its attorneys spent a) negotiating in the expectation of a settlement; (b) preparing and filing the complaint, the default motion, and the summary judgment motion; and (c) responding to the Cohens' motion regarding fees that is currently in front of the court.

#### a) *Time Spent on Negotiation*

From approximately July 11, 1990 until approximately August 16, 1990 with the resumption of the default judgment proceedings, BSI suspended litigation in hope of working out a settlement. BSI is now seeking compensation for this time spent in negotiation.

Contractual provisions for the payment of attorney's fees will be strictly construed. *Krear*, 810 F.2d at 1263; *M/A–COM Security Corp. v. Galesi*, 752 F.Supp. 176 (S.D.N.Y.1990). General language will not be sufficient to warrant an award for a type of expense that is not customarily reimbursed. *Swiss Credit Bank v. Internat'l Bank*, 23 Misc.2d 572, 200 N.Y.S.2d 828 (Sup.Ct.1960).

There are no cases that indicate that provisions shifting attorney's fees in the collection of a promissory note customarily include time spent in negotiation of a settlement of that action. Moreover, the attorney's fees provision on the Note covers "expenses ... incurred in the *enforcement* of the note ..." (emphasis added). Negotiations in pursuit of a settlement whereby the parties agree to a restructuring of the payments are not so much the enforcement of the original rights as a reformulation of those rights in a new agreement. There-

fore, that part of the fee application which seeks compensation for time spent negotiating and drafting a settlement agreement from July 12, 1990 to the drafting of the default judgment on August 16, 1990 will be disallowed. The time spent during that same period relating to the then pending enforcement action, including matters related to the pre-trial conference, will be allowed.

#### b) *Time Spent in the Collection of the Note*

As the records submitted in support of fees for time spent in the litigation relating to the collection of the Note meet the reasonableness standards as set forth above, the fees sought for the period May 29, 1990–July 11, 1990 will be allowed.

#### c) *Time Spent Defending the Fee Application*

A general contract provision for the shifting of attorney's fees does not authorize an award for time spent justifying those fees. *Krear*, 810 F.2d at 1266–67 (holding district court erred when, pursuant to a general contract for attorney's fees, it awarded reimbursement for time spent justifying fee application in reasonableness hearing), citing *Doyle v. Allstate Ins. Co.*, 1 N.Y.2d 439, 444, 154 N.Y.S.2d 10, 14, 136 N.E.2d 484, 487 (1956) (fees sought in separate lawsuit); *Swiss Credit Bank*, 23 Misc.2d at 573–574, 200 N.Y.S.2d at 830–31 (disallowing fees pursuant to indemnity agreement sought in separate lawsuit); *Zauderer v. Barcellona*, 130 Misc.2d 234, 237, 495 N.Y.S.2d 881, 883 (1985) ("[a]ttorney's fees incurred in proceedings to collect attorney's fees are not recoverable") (fees sought in latter stages of litigation in which original fee expenses incurred).

While parties may specifically contract for the defendant in a collection action to assume such an expense, the court cannot read such an intention into the language of the Note, which states that the Cohens are to pay "all losses, costs and expenses (including, without limitation, counsel fees and expenses) incurred by the Lender in

connection with the enforcement of this note." *Swiss Credit Bank*, 23 Misc.2d at 573–74, 200 N.Y.S.2d at 830–31 ("[o]f course it is possible to contract for such an allowance but, as it is an agreement contrary to what is usual, specific language would be needed to show such an agreement."). Therefore, the fees sought for time spent defending the application for attorney's fees after the grant of the summary judgement motion, *i.e.*, time billed from November 8, 1990 on will be disallowed.

*Conclusion*

For the reasons set forth above, the Cohens' motion for a hearing on the reasonableness of the fee application is denied. BSI fee application is granted only with respect to the hours spent on litigation of the collection action, which ended with the preparation of the judgment papers after the court's grant of summary judgment in the collection action on October 29, 1990.

It is so ordered.