■ BNY FINANCIAL CORPORATION, Formerly Known as IRV-ING COMMERCIAL CORPORATION, Appellant, v JAMES CLARE, Respondent, et al., Defendant.—Order of the Supreme Court, New York County (Carol H. Arber, J.), entered on September 5, 1990, which, *inter alia,* denied plaintiff's motion pursuant to CPLR 3212 for summary judgment on the first and second causes of action, is unanimously modified, upon the law, to grant summary judgment on the first cause of action and award damages in the amount of $249,562.48 plus interest and to grant summary judgment on the second cause of action as to liability only and remand the matter for determination of a reasonable amount of attorneys' fees, and otherwise affirmed, without costs. The clerk is directed to enter judgment in favor of plaintiff in the amount of $249,562.48, plus interest.

This is an action to recover on a guaranty by defendants, James Clare and David Jacobs, of a factoring agreement between the plaintiff and Turtle Bay Apparel Corporation ("TBA"). Both are principals and officers of TBA. The factoring agreement, dated and effective as of June 14, 1988, provided, *inter alia,* that TBA "assign and sell to [plaintiff], as absolute owner, and [plaintiff] hereby purchase from [TBA] all 'Receivables' * * * created on or after the Effective Date, which arise from [TBA's] sale of merchandise or rendition of services." The factoring agreement set forth the following definitions in pertinent part:

" 'Receivables' means all amounts and all forms of obligations now or hereafter owing to [TBA] * * *.

" 'Obligations' * * * include, but are not limited to, loans, debts and liabilities heretofore or hereafter acquired by purchase or assignment from other present or future clients of [plaintiff] * * * and all Receivables charged or chargeable to [TBA's] account hereunder."

Pursuant to the guaranty, also dated June 14, 1988, in consideration of the factoring agreement, defendant agreed to be "jointly and severally" bound to the plaintiff, its successors and assigns for the prompt payment at maturity or whenever due by its own terms, for "all now existing and hereafter arising Obligations of [TBA] to the [plaintiff] (as defined in the [factoring] Agreement)". Most significantly, the guaranty provided that "[t]he liability of the [defendant] on this guaranty shall be direct, immediate, absolute, continuing, unconditional and unlimited and not conditional or contingent upon the pursuit by the [plaintiff] of whatever remedies it may have against [TBA] or [TBA's] successors, executors, administrators or assigns".

Plaintiff commenced this action by service of a summons and verified complaint, dated December 27, 1989.* The complaint set forth three causes of action: (1) for guaranteed monies due pursuant to the factoring agreement; (2) for attorneys' fees incurred in connection with enforcement of the guaranty; and (3) for the conversion of $163,868.84 in payments from TBA clients, Target, Division of Dayton Hudson Corporation ("Target") and F. W. Woolworth Corporation ("Woolworth"), that were made directly to TBA and which TBA failed to turn over to plaintiff, as required by the factoring agreement.

Defendant Jacobs never filed an answer to the complaint. A default judgment was granted against him by the IAS court. Defendant Clare joined issue with the service of a verified answer, dated February 14, 1990. Clare admitted that TBA and plaintiff had entered into the factoring agreement and that he had entered into a guaranty of that agreement. Clare asserted the following affirmative defenses: (1) payment in full by TBA; (2) denial of responsibility under the guaranty for non-computer generated invoices of which he had no knowledge; (3) estoppel; (4) waiver; (5) ratification; and (6) denial of responsibility under the guaranty for accounts receivable by plaintiff's other factored clients to TBA for goods allegedly sold and delivered by those clients to TBA.

Plaintiff then moved, *inter alia,* for summary judgment pursuant to CPLR 3212 against Clare on the first and second causes of action. The IAS court denied the motion. Plaintiff had instituted a separate action against Park Knitwear to collect on a Park Knitwear invoice at issue herein. The IAS court believed that this created an issue of fact which defeated the motion for summary judgment.

We find that the IAS court erred in its denial of summary judgment against Clare. The guaranty was absolute and unconditional. Clare agreed to joint and several liability for the payment of all existing and subsequent obligations of TBA to the plaintiff, as defined in the factoring agreement. Pursuant to that agreement, all assigned invoices were warranted by TBA to be a bona fide obligation. The Park Knitwear invoice was assigned to the plaintiff and then, as authorized by the factoring agreement, charged back to TBA because Park Knitwear refused to pay. The Glenoit Miller invoices repre-

---

* A summons and complaint purportedly was served upon TBA through the Secretary of State but never responded to by the then defunct TBA. In light of the dissolution of TBA, plaintiff sought enforcement of the guaranty.

sented a ledger debt chargeable to TBA. By the unambiguous terms of the factoring agreement, specifically the definition of obligations, the Park Knitwear and Glenoit Miller invoices were lawfully chargeable to TBA and, therefore, the responsibility of Clare pursuant to the guaranty. There is nothing in the guaranty or the factoring agreement requiring that the invoice be computer generated, accompanied by shipping documents or specifically consented to by Clare. The factoring agreement, guaranty, TBA account statements, relevant invoices and supportive affidavits indicating non-payment and the amounts due are contained in the record and are uncontroverted by documentary evidence. Consequently, Clare's liability and the amount of his indebtedness as to the first cause of action can be established. Therefore, summary judgment to that extent is proper. *(European Am. Bank & Trust Co. v Schirripa,* 108 AD2d 684 [1985]; *Manufacturers Hanover Trust Co. v Green,* 95 AD2d 737 [1983], *appeal dismissed* 61 NY2d 760 [1984].)

The contention that Clare was fraudulently induced to sign the guaranty is of no merit. Such parole evidence will not be permitted to vary the terms of a written instrument. *(First Intl. Bank v Blankstein & Son,* 88 AD2d 501 [1982], *affd* 59 NY2d 436 [1983].)* Here, the guaranty specifically provided that it was absolute, unconditional, unlimited and could not be altered or discharged orally. Consequently, fraud in the inducement is not a valid defense in this case. *(See,. Citibank v Plapinger,* 66 NY2d 90 [1985].)

With respect to attorneys' fees, the guaranty expressly provided for them if the indebtedness was placed with an attorney for collection. Therefore, liability for attorneys' fees on the second cause of action is clear and remand is required for a determination of a reasonable amount to be awarded. *(See, Mohawk-Schoharie Prod. Credit Assn. v Wilber,* 71 AD2d 720 [1979], *affd* 50 NY2d 983 [1980].)* Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Smith, JJ.