**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,** Plaintiff,

v.

**Stephen C. HARTEL, et al., Defendants.**

No. 88 Civ. 4768 (LLS).

United States District Court, S.D. New York.

Jan. 3, 1992.

Michael V. Baronio, D'Amato & Lynch, New York City, for plaintiff.

Martin R. Van de Walle, Martin, Van de Walle, Guarino & Donohue, Great Neck, N.Y., for Hartel.

MEMORANDUM AND ORDER

STANTON, District Judge.

This court granted plaintiff's motion for summary judgment. Plaintiff submitted a notice of settlement and a proposed judgment, to which defendant objected with respect to the interest and attorneys' fees calculation. After due consideration of the issues, it is ordered that plaintiff have judgment against defendant Stephen C. Hartel in the amount of $59,212.27 which includes a principal amount of $15,295.00, contractual interest of $6,531.80, and reimbursement pursuant to contract for attorneys' fees, costs and disbursements amounting to $37,385.47.

I. *Recovery of Attorneys' Fees for a Prior Related Suit*

Defendant's objection to plaintiff's request for attorneys' fees expended in *National Union Fire Insurance Company of Pittsburgh, PA and D'Amato & Lynch v. Stephen C. Hartel,* 741 F.Supp. 1139 is overruled. That was an action for a declaratory judgment that this instant suit against Mr. Hartel does not violate the Fair Debt Collection Practices Act (the "FDCPA"). National Union and its attorneys, D'Amato & Lynch ("D & L"), commenced the FDCPA suit in this district after counsel for Mr. Hartel threatened to institute a class action lawsuit against National Union and D & L for violating the FDCPA. Mr. Hartel opposed National Union's motion for summary judgment, and cross-moved for summary judgment, in the FDCPA suit. The FDCPA suit was connected to National Union's enforcement of the note and the indemnity agreement, and National Union is entitled to reimbursement for attorneys' fees expended in the FDCPA suit (*See* Indemnity Agreement ¶ 6).

D & L's presence as a named-plaintiff in the FDCPA suit (to ensure standing) does not preclude National Union's recovery of attorneys' fees. The fact that the FDCPA suit may have established beneficial precedent for National Union and D & L does not preclude recovery. Finally, National

Union was not required to demand attorney's fees for the FDCPA action in the judgment for that action, as such demand may be made in a separate proceeding.

## II. *Reasonableness of Attorneys' Fees*

Defendant argues that the attorneys' fees demanded are "unreasonable." Because the indemnity agreement does not qualify the attorneys' fees recoverable as "reasonable" or fix fees at a certain percentage of value recovered, it is unclear whether attorneys' fees must be "reasonable." Assuming they must be, *see Banca Della Svizzera Italiana v. Cohen*, 756 F.Supp. 805, 807–08 (S.D.N.Y.1991) (making that assumption on similar facts), the fees requested are reasonable under the circumstances.

In *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir.1987), the Second Circuit stated:

> As a general matter of New York law, ... when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable.

It further stated that under New York law, "it is rarely proper to award fees in an amount that exceeds the amount involved in the litigation..... Exceptions to the general rule may be made where the court finds that the benefits of the litigation reached far beyond the amount sought in the immediate suit." *Id.* at 1264.

■ The amount involved in this litigation is $21,826.80 (principal amount sued for plus interest). The attorneys' fees, costs and disbursements relating to this suit are approximately $12,978.23. The attorneys' fees, costs and disbursements relating to the FDCPA suit are approximately $24,407.24. The benefits to plaintiff from the FDCPA suit reached far beyond the $21,826.80 recoverable from Mr. Hartel. National Union has close to 200 cases against investors pending in this court, as well as other lawsuits against investors in

other courts. The favorable precedent established will benefit National Union if the issue is raised by other defendants, and it will reduce or eliminate National Union's potential liability (as threatened by counsel for Mr. Hartel) for violating the FDCPA.

■ While the attorneys' fees for the instant action are more than 50% of the amount recovered, those fees are reasonable under the circumstances. National Union's ability to prosecute its cases and negotiate favorable settlements with investors it sues is dependent, in part, on its willingness and ability to prosecute each case vigorously. Furthermore, National Union has meticulously documented the time spent by, and the billing rate for, each attorney and paralegal on each matter. The time expended and fees charged are commensurate with the requirements of the two cases and with the charges of other firms in New York City. Thus no hearing is necessary to determine that the fees requested are reasonable. *See Banca Della Svizzera Italiana*, 756 F.Supp. at 808 (no hearing necessary where plaintiff's attorneys documented their hours and charged the law firm's standard rates).

## III. *Anticipatory Attorneys' Fees, Fees for Preparing and Defending the Fee Application, and Fees Expended in Attempted Settlement*

Defendant objects to National Union's demand for anticipatory attorneys' fees, for fees which D & L expended to recover attorneys' fees, and for fees expended in attempted settlement. "[C]ontractual provisions for the payment of attorneys' fees [are] strictly construed, and general language will not be sufficient to warrant an award for a type of expense that is not customarily reimbursed." *F.H. Krear*, 810 F.2d at 1263.

■ National Union is not entitled to $2,000 in estimated attorneys' fees which it may incur in enforcing the judgment. This type of expense is not customarily reimbursed, *see Avco Fin. Servs. Trust v. Bentley*, 116 Misc.2d 34, 455 N.Y.S.2d 62, 63 (Sup.Ct.1982); *Marine Midland Bank v. Roberts*, 102 Misc.2d 903, 424 N.Y.S.2d 671,

673 (Civ.Ct.1980), and there is no specific contractual language providing for it.

■ National Union is not entitled to fees which its counsel expended in attempting to collect attorneys' fees. *F.H. Krear*, 810 F.2d at 1266–67 ("a general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves"); *Banca Della Svizzera Italiana*, 756 F.Supp. at 809–10; *Zauderer v. Barcellona*, 130 Misc.2d 234, 495 N.Y.S.2d 881, 883 (Civ.Ct.1985). The cases cited by National Union, where "fees on fees" were awarded, involve fee-shifting statutory provisions, rather than fee-shifting contractual provisions, and are thus distinguishable. Furthermore, the intent of the parties, if it existed, that paragraph 6(b) of the indemnity agreement allow for such fees is not made sufficiently clear in the language of the agreement to override the general New York rule.

■ Although one court in the Southern District of New York has held that attorneys' fees for time spent on settlement negotiations are not recoverable, *see Banca Della Svizzera Italiana*, 756 F.Supp. at 809, this court respectfully disagrees with that holding. Such a rule would discourage the pursuit of settlements, and such fees do not appear to be a type of expense not customarily reimbursed. *See Security Pacific Mortg. and Real Estate Servs., Inc. v. Canadian Land Company*, 1991 WL 156390, 1991 U.S.Dist. LEXIS 11048 (S.D.N.Y. July 30, 1991) (after reconsideration, awarding attorneys' fees for time spent in attempted settlement). *Cf. Alfonso v. Rosso*, 137 Misc.2d 915, 522 N.Y.S.2d 813, 816 (Civ.Ct.1987) (allowing reimbursement for such expenses in statutory fee-shifting case).

Mr. Hartel's objections to $2,000 for anticipated attorneys' fees and to $765 for fees for seeking fees are sustained, and $2,765 is deducted from National Union's original application. Because the original interest calculation was in error, contractual interest is awarded in the amount of $6,531.80, in accordance with the interest calculation found at exhibit A to the December 4, 1991 Russell affidavit.

CONCLUSION

The clerk of the court is directed to enter judgment in favor of National Union in the amount of $59,212.27.