CENTRAL PLAINS COMPANY et al., Respondents, v CITY OF WHITE PLAINS, Appellant.

Second Department, June 18, 1975

*Paul B. Bergins, Corporation Counsel (Morton H. Zucker* and *Richard M. Gardella* of counsel), for appellant.

*Stuart R. Shamberg, P. C.,* for respondents.

CHRIST, J. In this declaratory judgment action the plaintiffs, property owners and landlords, claim to be aggrieved by a rent control law adopted by the Common Council of the City of White Plains which they seek to have nullified. There are no factual disputes involved in this appeal. After both sides moved for summary judgment, the Special Term granted judgment to the plaintiffs, declared the resolution illegal, and thereby abrogated the city's rent control law.

The authority which permits the city to declare a housing emergency and impose local rent control is embodied in the Emergency Tenant Protection Act of 1974 (Act) (L 1974, ch 576, § 4). Specifically, subdivision a of section 3 of the Act provides:

"A declaration of emergency may be made as to any class of housing accommodations if the vacancy rate for the housing accommodations in such class within such municipality is not in excess of five percent and a declaration of emergency may be made as to all housing accommodations if the vacancy rate for the housing accommodations within such municipality is not in excess of five percent."

Subdivision a of section 5 of the Act further describes that an emergency may be declared as to all or any class of housing accommodations in a local municipality except in 11 enumerated categories. These exempt categories include, among other things, housing owned by the United States, the State of New York, or their agencies or municipalities, housing already subject to rent regulation under other laws, and housing accommodations in a building containing fewer than six dwelling units.

The criteria for declaring an emergency is the percentage of housing units that are vacant. For example, the Act permits a local government to survey a particular class of housing accommodations and declare an emergency as to that class if less than 5% of the units therein are vacant (or, conversely, 95% or more of the units are occupied). Or, the municipality may survey the entire community and declare an emergency for the entire locality, if less than 5% of all units within the entire locality are vacant. The City of White Plains chose the latter alternative.

The city's Common Council, on June 20, 1974, adopted a "Resolution Fixing a Hearing Pursuant to the Emergency Tenant Protection Act of 1974 to Determine the Existence of a Public Emergency Requiring the Regulation of Rental Units." The resolution noted that according to a United States census report for 1970 the vacancy rate for rental units in the city was 2.2%. It further recited that additional and up-to-date facts were needed regarding the current vacancy rate for particular classes of rental units and all units within the city. The Commissioner of Planning and Traffic was directed to conduct a survey. Accordingly, questionnaires were circulated throughout the city and a survey was compiled. The survey

concluded that the vacancy rate for the entire city was less than 5%. A public hearing was held and the city declared a rent emergency under the authority of the Act.

The plaintiffs argue that the city's declaration of emergency is invalid because the survey included all housing within the city, including exempt housing under the Act. They claim that if the exempt housing is excluded from consideration the vacancy rate in the city will exceed 5% and will preclude a finding of a vacancy emergency. They further note that exempt housing is always full and, therefore, an emergency will constantly exist if exempt housing is included, a situation which they argue is unfair and not intended by the Legislature when the Act was enacted.

The Special Term agreed with the plaintiffs' arguments and construed the term "all housing" to mean "all rental housing, except that exempted by Section 5." In granting summary judgment to the plaintiffs and declaring the resolution of emergency invalid, the court held:

"It is agreed by all parties that the survey by the Common Council included exempt housing in determining the vacancy rate and that but for the inclusion of the exempt housing, that survey would have established a vacancy rate of in excess of 5% thus precluding a declaration of emergency. The issue then for this court is whether or not a municipality may under the Act survey exempt housing in determining a vacancy rate for that municipality's rental housing. For the reasons set forth below, this Court answers that question in the negative. * * *

"The inclusion of public, controlled housing in a vacancy survey, which housing is virtually vacancy-free, would lead to a perpetual finding of a housing emergency regardless of actual conditions in the private sector and would thus pervert the purpose and intent of the Act. * * *

"[W]e would read the last sentence of Section 3, quoted above, to say that an emergency may be declared in any class of housing when the vacancy rate in that class is less than 5% and that an emergency may be declared as to all rental housing, except that exempted by Section 5, when the vacancy rate in the non-exempt rental housing is less than 5%."

We find, however, that the Act is clear and unambiguous and requires no such construction (see McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 71, 76). The statute succinctly states that when the vacancy rate for "housing accommoda-

tions within such municipality is not in excess of five percent" an emergency may be declared. It makes no exclusions. When the statute speaks of all housing in a city and its concomitant vacancy rate, it means precisely that, all housing. The fact that the Act specifically precludes a local government from regulating certain enumerated housing as defined in subdivision a of section 5 simply embodies the legislative restriction that housing already regulated should not be burdened with additional local regulation. But this directive has no bearing on the total number of housing units which are in fact available in a local area. In order to determine this a municipality must, as the City of White Plains has, survey all units within its city confines. The term exempt housing means, therefore, exempt from regulation under the Act, not exempt from consideration in determining vacancies. Although there is not unanimity of opinion, letters from the State Rent Administrator and the State Commissioner of the Division of Housing and Community Renewal, contained in the record on this appeal, support this position. And Mr. Justice BEISHEIM, in a case very similar to the instant one, specifically rejected the argument that exempt housing may not be included in a companion survey conducted by the City of Yonkers *(Seasons Realty Corp. v City of Yonkers,* 80 Misc 2d 601).

The plaintiffs may be correct that the exempt housing is always fully occupied and therefore an emergency situation may exist at all times since the vacancy rate in the nonexempt housing would have to be extremely great to offset the zero vacancy rate in the exempt units (see *Amsterdam-Manhattan Inc. v City Rent & Rehabilitation Administration,* 15 NY2d 1014, 1015–1017 [dissenting opn.]). However, it should be noted that the alleged full occupancy in the exempt categories may be an indicator of the unavailability of housing in the nonexempt sector. And, as previously noted, it is the scarcity of housing in an entire community which triggers an emergency declaration for an entire city. In any event, the Act merely permits a municipality to declare an emergency when the rental units become scarce, but does not compel such a declaration. When a statute is clear, as this Act is, courts must effectuate its mandate.

Accordingly, the judgment should be reversed, on the law, with $20 costs and disbursements, the plaintiffs' motion denied, the defendant's cross motion granted, and the city's declaration of emergency declared valid.

Hopkins, Acting P. J., Martuscello, Munder and Shapiro, JJ., concur.

Judgment of the Supreme Court, Westchester County, dated February 18, 1975, reversed, on the law, with $20 costs and disbursements, plaintiffs' motion denied, defendant's cross motion granted, and it is declared that the declaration of housing emergency in a resolution entitled "Resolution Declaring a Public Emergency Requiring Regulation of Residential Rents Pursuant to the 'Emergency Tenant Protection Act of 1974'", adopted by the Common Council of the City of White Plains on July 29, 1974, is valid and lawful.