■  JAMES SWIFT, Appellant, v JACK RUSIN, Defendant, and TWENTIETH AND FIFTH GARAGE, INC., Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered May 20, 1975, as is in favor of defendant Twentieth and Fifth Garage, Inc., and against him, after a jury trial. Judgment reversed insofar as appealed from, on the law, and, as between plaintiff and defendant Twentieth and Fifth Garage, Inc., action severed and new trial granted, with costs to abide the event. No questions of fact have been considered. The testimony of plaintiff, that he received permission to enter upon the premises, was sufficient to make out a prima facie case, notwithstanding the preponderating evidence to the contrary. The trial court's charge to the jury that plaintiff was a trespasser as a matter of law was therefore improper and that question is now irrelevant in view of the determination by the Court of Appeals in *Basso v Miller* (40 NY2d 233). Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■  WYLIE F. L. TUTTLE et al., Respondents, v THEODORE JUANIS, Also Known as TED JUANIS, Individually and Doing Business as BALDWIN AQUARIUM CENTER, et al., Appellants.—In an action *inter alia* to recover accrued rent installments, defendants appeal from (1) an order of the Supreme Court, Westchester County, entered October 28, 1975, which (a) granted plaintiffs' motion for summary judgment as to (i) the first cause of action and (ii) defendant Juanis' counterclaim and (b) severed the second cause of action and (2) the judgment of the same court, entered thereon on October 31, 1975. Order modified by adding thereto, after the words "motion for summary judgment on the first cause of action is granted", the following: "except as to the request therein for attorney's fees and, as to such request, a hearing is ordered as to the issue of reasonableness"; judgment modified accordingly. As so modified, order and judgment affirmed, with one bill of $50 costs and disbursements to plaintiffs, and action remanded to Special Term for the entry of an appropriate amended judgment and for a hearing on the issue of reasonableness as to the demand for attorney's fees. As to the first cause of action, it is our opinion that the plaintiffs were entitled to recover, as a matter of law. The affidavit of the plaintiffs' attorney, based on documentary evidence in his possession, was sufficient (see *Getlan v Hofstra Univ.*, 41 AD2d 830, app dsmd 33 NY2d 646). Special Term properly severed the second cause of action (see CPLR 3212, subd [e]). As to the defendant Juanis' counterclaim, it is our opinion that his conclusory statements, devoid of evidentiary facts, were insufficient to oppose the moving papers based on documentary evidence (see *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285). The award of attorney's fees to the plaintiffs, pursuant to a lease provision, has been deleted and the case remanded for a hearing on the issue of reasonableness (cf. *Equitable Lbr. Corp. v IPA Land Development Corp.*, 38 NY2d 516, 522, 524; *Franklin Nat. Bank v Wall St. Commercial Corp.*, 21 AD2d 878). Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.