OPINION OF THE COURT
James F. Niehoff, J.
In this proceeding pursuant to CPLR article 78 the petitioner landlord seeks a judgment vacating and setting aside portions of the order dated April 11, 1979 of the respondent Commissioner of Division of Housing and Community Renewal of the State of New York. On December 7, 1978 the tenant involved herein filed a complaint that legal fees were being collected in lieu of late charges for tenants who did not pay their rent on time. On December 11, 1978 the tenant filed a supplementary complaint. Respondent notified petitioner of tenant’s complaint and landlord answered on January 2, 1979 stating in substance that the landlord charges $75 as legal fees for a dispossess proceeding that is settled prior to a court appearance and $150 legal fees if there is a court appearance. On January 17, 1979 an order and determination was issued by the respondent which directed the landlord (a) to renew all leases on the same terms and conditions as the expiring lease and (b) cease to collect any late fee as part of the legal regulated rent. That order further provided that the landlord may collect legal fees only as authorized by a court of competent jurisdiction.
On March 8, 1979 respondent received a letter from the tenant requesting that the respondent direct landlord to submit the prior lease for tenant’s apartment. Respondent thereupon sent a letter to the landlord dated March 12, 1979 notifying that the order and determination previously issued may be modified to direct that no legal fees are collectible unless awarded by a court of competent jurisdiction and directing that all lease agreements shall contain such clause, and that security deposits may not exceed one month’s rent unless the lease in existence on January 1, 1974 required a *39 security deposit in excess of one month’s rent and that vacancy leases and lease renewals must be on the same terms and conditions as the last lease except as otherwise mandated by law. On April 11, 1979 an order and determination was issued in accordance with respondent’s letter of March 12, 1979.
On May 4, 1979 petitioner’s attorney asked for a clarification of the order of April 11, 1979. By letter dated May 8, 1979 respondent notified petitioner’s attorney that the term legal fees in the order of April 11, 1979 meant attorneys’ fees and not court fees which would be permitted to be collected. On June 27, 1979 petitioner’s attorney sent another letter to respondent for further clarification. Respondent answered by letter dated July 10, 1979 and advised the landlord’s attorney that if attorneys’ fees are awarded by a court of competent jurisdiction as part of a judgment, it may be considered additional rent. On July 12, 1979 a letter was received by respondent from petitioner’s attorney asking the respondent to issue a corrected order to clarify the order of April 11, 1979 with respect to the collection of legal fees. On July 18, 1979 a notice of proposed order was issued advising the parties that the order of April 11, 1979 may be modified in accordance with the notice of proposed order. The notice of proposed order allowed the parties seven days to submit any additional evidence. On July 20, 1979 petitioner’s attorney filed an answer with the respondent that the proposed order was violative of the public policy of New York State since it directed the landlord to modify its leases to the extent of directing that legal fees were not collectible unless awarded by a court of competent jurisdiction.
The landlord petitioner then commenced this CPLR article 78 proceeding to review respondent’s order and determination of April 11, 1979 and the notice of proposed order of July 18, 1979.
The portions of the order of April 11, 1979 which petitioner seeks to vacate are found in paragraphs 1 and 3 of said order.
Those paragraphs read as follows: "1. That by reason of legal fees for non-payment of rent proceedings being collectible only to the extent authorized by the court having jurisdiction over such proceedings, said fees may not be recited in a Lease or Renewal of Lease to be a part of the rent, and the Lease or Renewal of Lease must clearly recite that any stated legal fees are not collectible until and only to the extent *40 authorized by the court having jurisdiction over the non-payment of rent proceeding. That the collection of legal fees except as so authorized will be an overcharge subject to the penalties which may be assessed under the Emergency Tenant Protection Act * * * 3. That by reason of the Regulations (Section 35) requiring that Leases and Renewals be on the same terms and conditions as the last lease prior to the local effective date of the Emergency Tenant Protection Act except where a change is mandated by law, the landlord must use a lease with the same terms and conditions as required, in renting a vacant apartment to a new tenant. Renewals of leases to tenants must be by use of the Division form Notice of Renewal for Lease (RTP 8-12/77), completed, signed and served pursuant to the Regulations. The landlord shall make available for inspection at the building office by the tenant within a reasonable period following the tenant’s request a copy of the last lease for the apartment prior to September 1, 1974, the local effective date, where the tenant was not the tenant on that date. That a failure to comply with these requirements may be found to be a violation subject to the assessment of penalties under Section 72 of the Regulations.”
The petitioner in this proceeding challenges (1) the respondent’s finding that legal fees of the landlord may not be collected unless and until awarded by a court of competent jurisdiction; (2) the respondent’s finding that new and renewal leases may not recite that attorneys’ fees incurred in summary proceedings are a part of the rent to be collected from the tenant; and (3) the respondent’s finding that new and renewal leases must be on the same terms and conditions as the expiring lease.
On July 18, 1979 the respondent issued a "Notice of Proposed Order to Modify Prior Order and Determination” whereby the petitioner was allowed to recite in all of its leases that attorneys’ fees could be collected as "additional rent” after being awarded by a court of competent jurisdiction.
In view of the respondent’s notice of proposed order the second branch of the petition is rendered academic and will not be considered by the court. In any event, the notice of proposed order, may not be reviewed in a CPLR article 78 proceeding since it is not a final order (Matter of Oliver v Lavine, 53 AD2d 616; Matter of Carville v Allen, 13 AD2d 866).
It is the petitioner landlord’s claim that the requirement of *41 court awarded attorneys’ fees cannot be sustained because it abolishes the rights of the petitioner and its tenants to effectuate out-of-court settlements of summary proceedings. In short, petitioner claims that respondent’s order is impractical and contrary to public policy. The court disagrees.
The Emergency Tenant Protection Act of 1974 was enacted as a result of the legislative finding that excessive and unwarranted rents and rent increases were being charged and to prevent the exaction of unreasonable and oppressive rents and rental agreements. With respect to the issues here involved, the respondent was expressly authorized to adopt regulations providing for "standards with respect to the terms and conditions of new and renewal leases, additional rent * * * so as to insure that the level of rent adjustments authorized under this law will not be subverted and made ineffective.”
The requirement that the lease or renewal of lease recite that any stated legal fees in a landlord’s nonpayment of rent proceeding against a tenant are not collectible until and only to the extent authorized by the court having jurisdiction over the proceeding is valid and proper and within the respondent’s power to adopt. Indeed, such a provision appears to come within the holding of the Court of Appeals in its decision in Equitable Lbr. Corp. v IPA Land Dev. Corp. (38 NY2d 516). While it may be argued that because of the disparity of bargaining power between a landlord and its tenants in a rent controlled building that any provision for attorneys’ fees is unconscionable (38 NY2d 516, 523, supra), the required court determination as to reasonableness of attorneys’ fees affords tenants some protection. (See Tuttle v Juanis, 54 AD2d 589; Federal Deposit Ins. Corp. v Kassel, 72 AD2d 787.) In addition, it is a protection for the tenant, i.e., it puts a tenant on notice that he is not obligated to pay an attorney’s fee fixed by the landlord until there has been a determination by a court as to the propriety and reasonableness thereof.
In effect, the provision seeks to make unlawful the landlord’s previous practice of obtaining from tenants a charge for late payment of rent under the guise of an attorney’s fee which subverts the public policy of the rent control laws. (See Gault Mgt. Co. v Perhaes, 71 Misc 2d 162.) Such requirement has a rational basis and, therefore, cannot be considered as arbitrary or capricious. (See Matter of Romanow v City Rent & Rehabilitation Admin., 31 AD2d 899, 900.)
Finally, the court notes that the argument of the petitioner *42 to the effect that because of the requirement for a judicial determination as to the reasonableness of attorneys’ fees landlords and tenants will no longer be able to settle their differences is not a sound basis for overturning the respondent’s order which is reasonable in nature. The court refuses to assume that a landlord who is otherwise willing to settle his case with the tenant will refuse to do so simply because of a controversy over the attorney’s fee. In any event, if he does so, the landlord may find himself in some difficulty, for in determining the question of attorneys’ fees a court must determine not only the extent of the fee but also whether any fees are proper. The court assumes that a "Court of Competent Jurisdiction” which is called upon to decide such an issue will refrain from awarding any fee whatsoever if there is even the slightest hint that a matter has been "pushed” to trial just to enable a landlord or his representative to obtain a legal fee from a tenant (see, e.g., Bay Park One Co. v Crosby, 101 Misc 2d 586).
Turning to the petitioner’s remaining claim it can be seen that paragraph 3 of the respondent’s order requires vacancy and renewal leases to be on the same terms and conditions as the expiring lease. The petitioner has no argument with the fact that renewal leases must be on the same terms and conditions as the existing lease. However, the petitioner landlord maintains that there is no valid reason to require it to establish a vacancy tenancy on the same terms and conditions as the prior tenancy enjoyed. In a word, the petitioner claims that when a new tenant enters into an occupancy the parties should be free to negotiate the terms of the lease and that renewal and vacancy tenants are in completely different bargaining positions and should not be comingled by the respondent when he promulgates rules. In support of its contention the petitioner sets forth examples of a prior tenant who either had a dog or had received rent or electricity concessions and that under the respondent’s rule these items would necessarily be part of the succeeding lease.
While such incidents could result if petitioner’s interpretation of paragraph 3 were correct, the respondent in his memorandum of law brings paragraph 3 of his order back into perspective when he notes that "Paragraph 3 of the order being reviewed requires the landlord to continue the clause in effect on the local effective date with respect to reasonable attorneys’ fees rather than a fixed sum and further directs *43 that the clause contain a provision that the attorneys fees may only be awarded by a court of competent jurisdiction.” Thus limited, the court finds such requirement to be reasonable and in accord with the spirit and intent of the Emergency Tenant Protection Act of 1974 enacted to prevent excessive rental agreements.
In the case at bar, the landlord petitioner changed the wording in its present lease from that which had been in effect in its leases on the local effective date from the payment of "reasonable attorney’s fees” to "such reasonable counsel fees and expenses to which the landlord shall be entitled and which the tenant shall be obligated to pay shall be a sum not less than fifteen percent (15%) of the amount of the rent and/ or other charges as to which the tenant has defaulted in payment or the sum of $150. which ever amount is greater.”
As noted above, such a provision is palpably improper. (See Tuttle v Juanis, 54 AD2d 589, supra.) Paragraph 3 of the order would, in effect, require the landlord in renewal and new leases to continue the clause in effect on the local effective date, i.e., reasonable attorneys’ fees rather than a fixed sum. Such requirement together with that in paragraph 1 of the order directing that the clause contain a provision that the attorney’s fee may only be awarded by the court having jurisdiction of the proceeding is in accord with the intent and purpose of the act. In the opinion of the court that paragraph as explained, is not arbitrary, capricious or unreasonable (Matter of Friedman v Weaver, 3 NY2d 123, 126).
Accordingly, this petition must be dismissed.