■ WILSON KAPLEN, Doing Business as MOUNTAINSIDE APARTMENTS, Plaintiff, and GOULD PALISADES COMPANY, Appellant, v TOWN OF HAVERSTRAW et al., Respondents. STEPHEN M. FROMSON et al., Intervenors-Respondents.—In an action, inter alia, for a judgment declaring null and void a resolution of the Town Board of the Town of Haverstraw, effective September 12, 1983, that a rental emergency exists as to apartment complexes containing 120 or more dwelling units and that such complexes are subject to regulations pursuant to the Emergency Tenant Protection Act of 1974, the plaintiff Gould Palisades Company appeals from an order of the Supreme Court, Rockland County (Gurahian, J.), dated October 24, 1985, that granted the motion by the defendant Town of Haverstraw and the cross motion by the other defendants for

summary judgment in their favor, and dismissed the complaint.

Ordered that the order is modified, on the law, by adding a provision that the resolution of the Town of Haverstraw, effective September 12, 1983, is valid. As so modified, the order is affirmed, with one bill of costs to the defendant Division of Housing and Community Renewal, the defendant Town of Haverstraw, and the intervenors-respondents appearing separately and filing separate briefs.

On appeal, the plaintiff Gould Palisades Company contends that the September 12, 1983 resolution adopting the Emergency Tenant Protection Act (hereinafter ETPA) with regard to apartment complexes containing 120 or more dwelling units (which resolution was later corrected to regulate apartment complexes containing 100 or more dwelling units) is invalid, because the town was required to survey *all* housing within its borders before declaring a housing emergency with respect to apartment complexes containing at least 120 dwelling units, and because the adoption of the ETPA with respect to apartment complexes containing 120 units or more was arbitrary and capricious.

We reject the plaintiff's claims. "A declaration of emergency may be made as to *any class of housing accommodations if the vacancy rate* for the housing accommodations *in such class* within such municipality is not in excess of five percent" (McKinney's Uncons Laws of NY § 8623 [a] [Emergency Tenant Protection Act § 3 (a)]; emphasis added). Under that provision, which clearly indicates that a declaration of an emergency can be made as to a certain class of housing accommodations if the vacancy rate *in that class* is less than 5%, there is no requirement that the vacancy rate as to all housing accommodations within the municipality be less than 5%. Thus, the plaintiff's claim that the town was required to survey all housing within its borders before declaring a housing emergency with respect to apartment complexes containing at least 120 dwelling units is without merit *(see, Colonial Arms Apts. v Village of Mount Kisco,* 104 AD2d 964; *Spring Val. Gardens Assoc. v Marrero,* 100 AD2d 93, *affd* 68 NY2d 627; *Central Plains Co. v City of White Plains,* 48 AD2d 326).

We also reject the plaintiff's claim that the town's decision to regulate apartment complexes of 120 units or more (later corrected to 100 units or more) was arbitrary and capricious, and note that "[c]lassification is primarily for the Legislature, which has a wide discretion in respect thereof" *(8200 Realty*

*Corp. v Lindsay,* 60 Misc 2d 248, 264, *revd* 34 AD2d 79, *revd* 27 NY2d 124).

However, since declaratory relief was sought, the Supreme Court erred in dismissing the complaint without declaring the validity of the resolution in question *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).* Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.