■ Roslyn Garden Associates et al., Respondents, v Board of Trustees of Incorporated Village of Roslyn, Appellant. —In an action, *inter alia,* for a judgment declaring that the vacancy rate in the Village of Roslyn is in excess of 5%, the defendant appeals from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered September 24, 1990, which held that the vacancy rate in the Village of Roslyn

exceeded 5% and directed the defendant to declare the housing emergency declared pursuant to the Emergency Tenant Protection Act of 1974 at an end.

Ordered that the judgment is affirmed, with costs.

Pursuant to McKinney's Unconsolidated Laws of NY § 8623 (Emergency Tenant Protection Act of 1974; L 1974, ch 576, § 4, as amended [hereinafter ETPA]), a local government of a city, town, or village not covered by any other State rent control or stabilization (i.e., outside the City of New York and having a population of less than 1,000,000 people) may, under certain conditions, declare that a housing emergency exists within the city, town or village and subject all nonexempted housing to regulation under the ETPA. The Village of Roslyn made such a declaration in 1981 and the plaintiffs are the owners of all the buildings in the Village subject to the ETPA. However, although a declaration of a housing emergency by the Village was optional, pursuant to the ETPA § 3 the Village "must" declare the emergency at an end when the vacancy rate exceeds 5%. Here, although the plaintiffs submitted proof to the Village of Roslyn that the vacancy rate in 1990 far exceeded 5%, both the Mayor of Roslyn and the defendant, the Board of Trustees of the Incorporated Village of Roslyn (hereinafter the Board of Trustees), refused to undertake their own survey to determine the vacancy rate in the Village and refused the plaintiffs' requests to declare the emergency at an end. The plaintiffs commenced this action, *inter alia,* seeking declaratory relief from the court that the vacancy rate in the Village exceeded 5% and to compel the Village to declare the emergency at an end.

Although the ETPA grants a local government discretion to declare that a housing emergency exists when a class of housing or all housing within its borders has a vacancy rate not in excess of 5% *(see,* McKinney's Uncons Laws of NY § 8623 [a]; ETPA § 3 [a]; L 1974, ch 576, § 4, as amended), section 8623 (b) states that "The emergency must be declared at an end once the vacancy rate described in subdivision a of this section exceeds five percent". Here, the unimpeached testimony at an inquest established that the vacancy rate for all buildings in the Village currently subject to the ETPA far exceeded 5%. A local government is a political subdivision of the State. Therefore, its legislative power is circumscribed by the grant of authority from the State *(see, Kamhi v Town of Yorktown,* 141 AD2d 607, *affd* 74 NY2d 423; *Matter of Ames v Smoot,* 98 AD2d 216). The refusal by the Village to declare the housing emergency at an end is in derogation of its statutory

grant of power. Therefore, the court properly directed the Village to declare the housing emergency at an end. The defendant argues against this result by asserting that the court impermissibly usurped the legislative discretion of the Village. However, contrary to the defendant's assertions, the ETPA does not vest a local government with any discretion to either continue the emergency once the vacancy rate exceeds 5% *(cf.,* McKinney's Uncons Laws of NY § 8603 [Local Emergency Housing Rent Control Act § 3; L 1962, ch 21, as amended]) nor to determine the vacancy rate *(cf., Colonial Arms Apts. v Village of Mount Kisco,* 104 AD2d 964). Therefore, the issue was justiciable and the Supreme Court properly directed the Village to declare the emergency at an end *(see, Matter of Boung Jae Jang v Brown,* 161 AD2d 49). Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.