■ EXECUTIVE TOWERS AT LIDO, LLC, et al., Respondents-Appellants, v CITY OF LONG BEACH et al., Appellants-Respondents. [783 NYS2d 285]—

In an action, inter alia, for a judgment, in effect, declaring that the vacancy rates of certain classes of buildings located in the City of Long Beach exceed 5% and that the housing emergency declared pursuant to the Emergency Tenant Protection Act of 1974 § 3 (L 1974, ch 576, § 4; McKinney's Uncons Laws of NY § 8623) is at an end, the defendants appeal from stated portions of a judgment of the Supreme Court, Nassau County (Wager, R.), entered August 2, 2002, which, after a nonjury trial, inter alia, declared that the vacancy rate referred to in Emergency Tenant Protection Act of 1974 § 3 (L 1974, ch 576, § 4; McKinney's Uncons Laws of NY § 8623) with respect to the classification of residential buildings in the City of Long Beach consisting of 100 or more housing units was in excess of 5% during March, April, May, and June 1996, and that the defendants were obligated to declare the emergency at an end as to such buildings, and awarded the plaintiff Executive Towers at Lido, LLC, damages for lost rents in the principal sum of $4,082,493 and the plaintiff Paulsen Real Estate Corp. damages for lost rents in the principal sum of $2,027,932, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same judgment as failed to award damages for the diminution in value of the real property owned by the plaintiffs Executive Towers at Lido, LLC, and Paulsen Real Estate Corp., and as failed to award the plaintiffs Executive Towers at Lido, LLC, and Paulsen Real Estate Corp. prejudgment interest from August 31, 2000.

Ordered that the cross appeals of the plaintiffs Angelo Paladino, Maureen Paladino, Cegan Properties Co., and Harbor Lane Realty Co. are dismissed, as they are not aggrieved by the portion of the judgment cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the cross appeals by the plaintiffs Robert Botwinick, Beach House Owners Corp., William Conlin, Susan Flaherty and America R. Rossi are dismissed, as the claims of those plaintiffs were discontinued prior to entry of the judgment; and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting from the second decretal paragraph thereof the words "and June," and deleting the third, fourth, and fifth decretal paragraphs thereof and substituting therefor a declaration that by reason of the failure of the defendants to declare the housing emergency at an end as to the classification of buildings in the City of Long Beach having 100 or more housing units, the defendants are not liable for any damages sustained by the plaintiffs Executive Towers at Lido, LLC, and Paulsen Real Estate Corp., either for the loss of rents for the period May 1, 1996, through August 31, 2000, or for the diminution in value of their real property; as so modified, the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is payable to the defendants.

Pursuant to the Emergency Tenant Protection Act of 1974 § 3 (L 1974, ch 576, § 4; McKinney's Uncons Laws of NY § 8623) (hereinafter the Act), the defendant City Council of the City of Long Beach (hereinafter the Council) declared that a residential housing emergency existed with respect to two classes of housing within the City of Long Beach, and subjected housing within these classes to regulation under the Act. The two classes of housing consisted of buildings containing 60 to 99 units and buildings containing 100 or more units (hereinafter the larger class).

The plaintiffs, made up of, among others, the entities which own buildings within the larger class, commenced the instant action for a declaration, in effect, that the vacancy rates of the regulated classes exceeded 5%, thereby requiring the Council to declare the housing emergency at an end for the larger class pursuant to McKinney's Uncons Laws of NY § 8623 (b). The plaintiffs also sought damages for, among other things, lost rents and the diminution in value of real property stemming from the Council's failure to declare the housing emergency at an end.

The special referee declared, based upon evidence introduced by the plaintiffs during the liability phase of the trial, that the vacancy rate of the larger class exceeded 5% in March, April, May, and June 1996. Following the damages phase of the trial, the special referee determined that the plaintiffs Executive Towers at Lido, LLC (hereinafter Executive Towers), and Paulsen

Real Estate Corp. (hereinafter Paulsen), owners of buildings within the larger class, were entitled to extensive damages for lost rents based upon the Council's failure to declare the housing emergency at an end with respect to the larger class. The special referee declined to award any damages for alleged diminution in value of those plaintiffs' buildings.

The special referee erred in declaring that the vacancy rate for June 1996 for the larger class exceeded 5%. We find that the vacancy rate for June 1996 in the larger class was 4.95%.

The special referee also improperly awarded damages for the period of time during which he found the vacancy rate to exceed 5%. The Court of Appeals has fashioned a three-part test to determine whether a private cause of action for damages may be implied under a statute silent on that subject. The court must determine, first, whether the plaintiffs are members of the class for whose particular benefit the statute was enacted; second, whether recognition of a private right of action would promote the legislative purpose; and third, and most importantly, whether the creation of a private right is consistent with the purposes underlying the legislative scheme (*see Uhr v East Greenbush Cent. School Dist.,* 94 NY2d 32, 38 [1999]; *Carrier v Salvation Army,* 88 NY2d 298, 302 [1996]; *Sheehy v Big Flats Community Day,* 73 NY2d 629, 633 [1989]).

Under the first part of the test, the plaintiffs clearly are not members of the class, i.e., tenants, for whose particular benefit the Act was enacted (*see* McKinney's Uncons Laws of NY § 8622; *Wilson v One Ten Duane St. Realty Co.,* 123 AD2d 198 [1987]; *Matter of Century Operating Corp. v Marrero,* 103 Misc 2d 37 [1979], *affd* 78 AD2d 777 [1980]).

The second element of the test, itself a two-part inquiry, requires the court to discern what the Legislature was seeking to accomplish when it enacted the Act, followed by a determination of whether a private right of action would promote that objective (*see Uhr v East Greenbush Cent. School Dist., supra*). Clearly, the Legislature, by enacting the Act, was attempting to protect tenants living in municipalities with demonstrated housing shortages (i.e., vacancy rates not in excess of 5%) from opportunistic landlords seeking unreasonably to inflate residential rents (*see* McKinney's Uncons Laws of NY § 8622; *Matter of Century Operating Corp. v Marrero, supra*). Permitting a landlord to maintain an action to recover damages against a municipality for failing to declare the housing emergency at an end for the larger class would not promote the Legislature's objective. A private right of action under the Act in favor of landlords would serve to undermine, not promote, the objective of the Legislature.

Finally, the creation of a private right to recover damages would be inconsistent with the purposes underlying the legislative scheme of the Act (*see Uhr v East Greenbush Cent. School Dist., supra* at 40).

The parties' remaining contentions either are without merit or have been rendered academic. Altman, J.P., Krausman, Crane and Cozier, JJ., concur.