■ EXECUTIVE TOWERS AT LIDO, LLC, et al., Appellants-Respondents, v CITY OF LONG BEACH et al., Respondents-Appellants. [831 NYS2d 445]—

In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, and for a judgment declaring that the vacancy rates of certain classes of residential buildings in the City of Long Beach exceed 5% and that the housing emergency declared pursuant to the Emergency Tenant Protection Act of 1974 § 3 (L 1974, ch 576, § 4 [ § 3]; McKinney's Uncons Laws of NY § 8623) is at an end, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered October 5, 2005, as granted that branch of the defendants' cross motion which was for summary judgment dismissing their cause of action alleging civil rights violations pursuant to 42 USC § 1983, and as, upon finding, in effect, that section 13-7.4 of the Ordinances of the City of Long Beach is valid and enforceable, denied that branch of their motion which was for partial summary judgment declaring that section 13-7.4 of the Ordinances of the City of Long Beach is invalid and unenforceable, and the defendants cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiffs' motion which was for partial summary judgment declaring that the vacancy rate in the City of Long Beach for residential buildings with 100 or more units exceeded 5% for a period of time in excess of three months from January 2003 through May 2003,

and that the housing emergency is at an end with respect to that class of residential buildings.

Ordered that the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring that section 13-7.4 of the Ordinances of the City of Long Beach is valid and enforceable and that the vacancy rate in the City of Long Beach for residential buildings with 100 or more units exceeded 5% for a period of time in excess of three months from January 2003 through May 2003 and that the housing emergency is at an end with respect to that class of residential buildings.

The Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4 [hereinafter ETPA]) allows a local government of a city, town, or village outside of the City of New York with a population of less than 1,000,000 people, and thus not covered by any other state rent-control or stabilization law, discretion to declare a housing emergency within the relevant city, town, or village, thus subjecting all non-exempt housing to ETPA regulations. In 2000 and 2001 the City of Long Beach made separate declarations that a housing emergency existed with respect to the class of residential buildings with 60 to 99 units, and the class of residential buildings with 100 or more units. Pursuant to ETPA § 8623, the City "must" declare the emergency at an end "once" the vacancy rate exceeds 5% (see Unconsolidated Laws § 8623 [b]; *Roslyn Garden Assoc. v Board of Trustees of Inc. Vil. of Roslyn,* 190 AD2d 722, 723 [1993]). Here, the plaintiffs, who own six apartment buildings in the City that each contain 100 or more units, submitted proof to the City that the vacancy rate in the City for that class of residential buildings with 100 or more units from January 2003 through May 2003 exceeded 5%. Thereafter, in a report issued in August 2003, the City found that the vacancy rate for that class of residential buildings had not exceeded 5%.

Also in August 2003 the City enacted section 13-7.4 of the Ordinances of the City of Long Beach, thereby consolidating two ETPA classifications, i.e., residential buildings with 60 to 99 units and residential buildings with 100 or more units, into a single classification consisting of all residential buildings with 60 or more units. At the same time, the City, relying on the August 2003 report, passed a resolution declaring an ongoing housing emergency for the newly-created class of residential buildings containing 60 or more units.

The plaintiffs established, as a matter of law, that the vacancy rate for residential buildings with 100 or more units exceeded

5% from January 2003 through May 2003. In reaching a determination as to whether to declare or end an ETPA housing emergency, a municipality need not conduct a "complete survey" of all housing, but it must ground its determination upon a common sense approach, and its survey must demonstrate "a good faith study" derived from "precise data" (*see Spring Val. Gardens Assoc. v Marrero,* 100 AD2d 93, 101, 104 [1984], *affd* 68 NY2d 627 [1986]; *see also Colonial Arms Apts. v Village of Mount Kisco,* 104 AD2d 964, 965 [1984]). The City's August 2003 report, which concluded that the vacancy rate never exceeded 5%, failed to meet that standard. The City thus failed to raise a triable issue of fact in opposition to the plaintiffs' showing because, among other things, it did not set forth collected data in an organized and coherent format and made no attempt to correlate the data in response to the plaintiffs' specific claims. Accordingly, the Supreme Court properly granted the plaintiffs' motion for partial summary judgment declaring that, from January 2003 through May 2003, the vacancy rate for the class of residential buildings with 100 or more units exceeded 5%, and that the housing emergency with respect to that class of residential buildings is at an end (*see Executive Towers at Lido, LLC v City of Long Beach,* 11 AD3d 651, 652-653 [2004]).

The plaintiffs' challenge to the validity and enforceability of section 13-7.4 of the Ordinances of the City of Long Beach is without merit (*see* Unconsolidated Laws § 8623 [a]; *Kaplen v Town of Haverstraw,* 126 AD2d 606, 607-608 [1987]).

The City established its entitlement to summary judgment dismissing the plaintiffs' cause of action alleging civil rights violations pursuant to 42 USC § 1983 (*see Cuyahoga Falls v Buckeye Community Hope Foundation,* 538 US 188, 198 [2003]; *Bower Assoc. v Town of Pleasant Val.,* 2 NY3d 617, 628 [2004]; *cf. Town of Orangetown v Magee,* 88 NY2d 41, 53 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact (*cf. Del Monte Dunes at Monterey, Ltd. v City of Monterey,* 920 F2d 1496, 1508 [1990], *affd* 526 US 687 [1999]; *Brady v Town of Colchester,* 863 F2d 205, 215-216 [1988]; *Town of Orangetown v Magee, supra*).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that section 13-7.4 of the Ordinances of the City of Long Beach is valid and enforceable, that the vacancy rate for that class of residential buildings with 100 or more units exceeded 5% for a period of time in excess of three months from January 2003 through May 2003, and that

the housing emergency is at an end with respect to that class of residential buildings. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.