Matter of PJB Equities, Inc. v Village of Ossining (2024 NY Slip Op 02200)

Matter of PJB Equities, Inc. v Village of Ossining

2024 NY Slip Op 02200

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2019-06637
 (Index No. 66343/18)

[*1]In the Matter of PJB Equities, Inc., et al., appellants,
v
Village of Ossining, et al., respondents.

Finger & Finger, A Professional Corporation, White Plains, NY (Kenneth J. Finger of counsel), for appellants.
Hodges Walsh & Burke, LLP, White Plains, NY (Paul E. Svensson, John J. Walsh, and Michael Burke of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the Board of Trustees of the Village of Ossining dated September 5, 2018, which declared a housing emergency and applied the Emergency Tenant Protection Act of 1974 to buildings in the Village of Ossining containing six or more rental units completed prior to January 1, 1974, and action, inter alia, to recover damages pursuant to 42 USC § 1983 for alleged violations of constitutional rights, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated May 8, 2019. The order and judgment, insofar as appealed from, granted the respondents/defendants' motion pursuant to CPLR 3211(a) to dismiss the petition/complaint, in effect, denied the petition, and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The Village of Ossining commissioned a housing vacancy study to determine the availability of rental units in the Village. The resulting August 2018 vacancy study found a vacancy rate of 3.06% for buildings in the Village containing six or more rental units completed prior to January 1, 1974. Because the vacancy rate was found to be less than 5%, the Village was authorized to declare a housing emergency pursuant to the Emergency Tenant Protection Act of 1974 (McKinney's Uncons Laws of NY § 8621 et seq. [L 1974, ch 576, § 4, as amended]; hereinafter ETPA). After a public hearing, the Village Board of Trustees adopted a resolution on September 5, 2018, declaring a housing emergency and applying ETPA to buildings in the Village containing six or more rental units completed prior to January 1, 1974. The petitioners/plaintiffs, owners of such buildings, commenced this hybrid proceeding pursuant to CPLR article 78 to review the resolution and action, inter alia, pursuant to 42 USC § 1983 to recover damages for alleged violations of their civil and constitutional rights caused by the adoption of the resolution. In an order and judgment dated May 8, 2019, the Supreme Court, among other things, granted the respondents/defendants' motion pursuant to CPLR 3211(a) to dismiss the petition/complaint, in effect, denied the petition, and dismissed the proceeding/action. The petitioners/plaintiffs appeal.
Contrary to the petitioners/plaintiffs' contentions, notice of the public hearing on the [*2]resolution was not illegal or otherwise insufficient. The notice complied with the requirements of ETPA (see Uncons Laws § 8623[c]), which comport with procedural due process (see People ex rel. Office of Rent Admin., Div. of Hous. & Community Renewal v Berry Estates, 87 AD2d 161, 172, affd 58 NY2d 701). The notice furthermore described the Village's proposed action with reasonable precision (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 678; cf. P & N Tiffany Props., Inc. v Village of Tuckahoe, 33 AD3d 61).
The petitioners/plaintiffs' contention that the resolution should be annulled because the Village failed to comply with the requirements of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) (see Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury, 55 NY2d 41, 47) is without merit. The resolution is a Type II action (see 6 NYCRR 617.5; 9 NYCRR 2550.15[d][2][ii]), which does not require any assessment of environmental impact (see 6 NYCRR 617.3[f]; 9 NYCRR 2550.15[c][2]). Once an agency determines that an action is Type II, the agency has no further responsibility under SEQRA (see 6 NYCRR 617.6[a][1][i]; Matter of Civic Assn. of Utopia Estates v City of New York, 258 AD2d 650, 651).
Contrary to the petitioners/plaintiffs' contentions, the Village's reliance on the August 2018 vacancy study was not arbitrary and capricious or a violation of lawful procedure (see CPLR 7803[3]). "In reaching a determination as to whether to declare or end an ETPA housing emergency, a municipality need not conduct a 'complete survey' of all housing, but it must ground its determination upon a common sense approach, and its survey must demonstrate 'a good faith study' derived from 'precise data'" (Executive Towers at Lido, LLC v City of Long Beach, 37 AD3d 650, 652; see Spring Val. Gardens Assoc. v Marrero, 68 NY2d 627, 629). Here, the vacancy study rationally followed the United States Bureau of Census definition of vacancy, meaning units that are vacant and available for rent or sale at the time of the interview with a building owner, manager, and/or superintendent.
Furthermore, the vacancy study was not incomplete in that it included only buildings with six or more rental units completed prior to January 1, 1974, since ETPA permits the Village to declare an emergency as to "any class of housing accommodations" for which the vacancy rate "is not in excess of five percent" (Uncons Laws § 8623[a]). The Village shall make such determination "on the basis of the supply of housing accommodations" within the Village, "the condition of such accommodations and the need for regulating and controlling residential rents" within the Village (id.). Accordingly, the Village may legitimately "'select those areas or those classes of property where the need seems the greatest'" (Pennell v San Jose, 485 US 1, 15, quoting Woods v Cloyd W. Miller Co., 333 US 138, 145).
Moreover, ETPA does not require a 100% response rate and mandates only that the data collected be precise and the study be conducted in good faith (see Executive Towers at Lido, LLC v City of Long Beach, 37 AD3d at 652). The record supports that finding here. Once the Village had a valid survey finding the vacancy rate to be less than 5%, ETPA authorized the Village to declare a housing emergency and implement the statute (see Uncons Laws § 8623[a]). Accordingly, the Supreme Court properly, in effect, denied the petition pursuant to CPLR article 78 to annul the resolution and dismissed the proceeding.
The Supreme Court properly granted dismissal of the causes of action alleging violations of the petitioners/plaintiffs' constitutional rights to due process and equal protection of the laws, as rent regulation is rationally related to the legitimate state interest of protecting tenants by ensuring the availability of affordable housing (see Pennell v San Jose, 485 US at 14).
Similarly, the petitioners/plaintiffs failed to sufficiently allege a taking without just compensation in violation of the Fifth Amendment of the United States Constitution. Courts often uphold "substantial regulation of an owner's use of his [or her] own property where deemed necessary to promote the public interest" (Loretto v Teleprompter Manhattan CATV Corp., 458 US 419, 426). "As the Supreme Court made pellucid in Yee, when, as here, 'a landowner decides to rent his [or her] land to tenants' the States 'have broad power to regulate housing conditions in general and the landlord-tenant relationship in particular without paying compensation for all economic [*3]injuries that such regulation entails'" (Community Hous. Improvement Program v City of New York, 59 F4th 540, 551 [2d Cir], quoting Yee v Escondido, 503 US 519, 528-529; see Loretto v Teleprompter Manhattan CATV Corp., 458 US at 440). Factors for evaluating a regulatory taking challenge are "[t]he economic impact of the regulation . . . , particularly, the extent to which the regulation has interfered with distinct investment-backed expectations," and "the character of the governmental action" (Penn Central Transp. Co. v New York City, 438 US 104, 124; see Lingle v Chevron U.S.A. Inc., 544 US 528, 538-539). Here, the petitioners/plaintiffs failed to plausibly allege an adverse economic impact as a result of the resolution applying ETPA (see Penn Central Transp. Co. v New York City, 438 US at 124; Community Hous. Improvement Program v City of New York, 59 F4th at 554). "[T]he mere diminution in the value of property, however serious, is insufficient to demonstrate a taking" (Community Hous. Improvement Program v City of New York, 59 F4th at 554 [internal quotation marks omitted]). Moreover, ETPA is part of a "comprehensive regulatory regime" aimed at serving "important public interests" (id. at 555; see Penn Central Transp. Co. v New York City, 438 US at 124).
Additionally, based on the allegations made by the petitioners/plaintiffs, they lack standing to assert the causes of action alleged under the Fair Housing Act, which concerns discrimination by providers of housing such as the petitioners/plaintiffs against tenants and potential tenants (see 42 USC § 3604; Hotel St. George Assoc. v Morgenstern, 819 F Supp 310, 318-319 [SD NY]).
The petitioners/plaintiffs failed to state a cause of action pursuant to 42 USC §§ 1981 and 1982, as they alleged no facts to support a claim that they were deprived of the rights embodied in those statutes. The petitioners/plaintiffs furthermore failed to state a cause of action pursuant to 42 USC § 1983 (see Town of Orangetown v Magee, 88 NY2d 41, 53). The petitioners/plaintiffs failed to allege facts supporting the deprivation of any constitutional right that could be the basis for a claim pursuant to 42 USC § 1983 (see Loskot-D'Souza v Town of Babylon, 137 AD3d 751, 752). The petitioners/plaintiffs concomitantly failed to state a cause of action alleging conspiracy pursuant to 42 USC § 1985 (see id. § 1985[3]; Carpenters v Scott, 463 US 825, 828-829).
Accordingly, the Supreme Court properly granted that branch of the respondents/defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint and dismissed the action.
The petitioners/plaintiffs' remaining contention is improperly raised for the first time on appeal.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court